REVISED, October 13, 1998

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

---

No. 97-20756

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

VERSUS

LUIS ENRIQUE SUAREZ

Defendant - Appellant.

---

Appeal from the United States District Court
for the Southern District of Texas

---

September 10, 1998

Before REYNALDO G. GARZA, HIGGINBOTHAM, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:

### *Factual Background*

On February 26, 1997, a special agent received information from Customs Agent Deborah Knolte that Christina Crawford Watson, a citizen of Costa Rica, had been intercepted by inspectors at the Dallas/Fort Worth Airport with approximately two kilograms of cocaine taped to her body. Watson was arrested, waived her Miranda rights and agreed to assist agents in making a controlled delivery of the substance.

Under monitoring of an investigative team, Watson met with Luis Suarez in a motel room and Suarez took possession of the two kilograms of cocaine. Immediately thereafter, agents arrested Suarez and conducted a pat down of his body and found the two kilograms of cocaine minus a small amount of cocaine that he had given back to Ms. Watson. A search of Suarez's belongings revealed other paraphernalia that led investigators to believe that he was in possession of the cocaine with intent to distribute. The paraphernalia included: a pager

1

with the motel's phone number on it and a Post-it note with Ms. Watson's room number on it. The investigative team also audio taped the telephone conversation between Ms. Watson and Mr. Suarez where the cocaine and the subsequent delivery of the cocaine were discussed.

Suarez was charged with possession of cocaine with intent to distribute, in violation of Title 21, U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(ii). At the rearraignment the district court asked Mr. Suarez if the indictment had been read to him in Spanish. Suarez replied, "Yes, sir." The court then asked Suarez if he wanted the indictment to be re-read and Suarez responded, "Yes, sir." Then, the following colloquy occurred:

> THE COURT: On March 26, 1997, the grand jury charged that about February 26, 1997, in the Houston Division of the Southern District of Texas, Luis Enrique Suarez did knowingly and intentionally possess with the intent to distribute a mixture containing a detectable amount of the Schedule 2 controlled substance cocaine in violation of Title 21, United States Code, Sections 841(a)(1) and 841 (b)(1)(b) [sic] (2) [sic].
>
> Mr. Suarez, how do you plead to the charge in the indictment?
>
> THE DEFENDANT: Guilty to possession.
>
> THE COURT: The charge is possession with intention to distribute. That means that you possessed it for the purpose of transferring it and not just for personal use.
>
> THE DEFENDANT: No. I am only guilty of possession.

The court then informed Mr. Suarez that he had a right to a trial by a jury; that the Government would have to establish the elements of the offense in order to convict him; that he had a right to confront and cross-examine adverse witnesses; and that he had a right against compelled self-incrimination. The district court informed Suarez that by pleading guilty he waived all these rights and asked him if he still wanted to plea guilty. Suarez replied, "Yes."

The district court also informed Mr. Suarez that he was "charged with possession of cocaine with the intention to distribute it" and that the "elements of the offense are that [he] had cocaine in [his] possession, that is, under [his] control and that it was not for personal use. It was to sell, distribute, buy something." The court then asked Suarez if he had "any questions about the elements of what [he was] charged with or the punishment?" and Suarez replied, "No, sir."

2

After going over the sentencing guidelines with the government and briefly hearing the evidence that the government was ready to present, the court asked Mr. Suarez if he agreed with the summary of the evidence and Mr. Suarez replied, "Yes, sir." The court then accepted Suarez's guilty plea as charged in the indictment.

Following the rearraignment, the Government filed a Motion to Clarify Entry of Guilty Plea. The Government indicated that Suarez had "never admitted to his guilt to the indicted charge" and requested that "the rearraignment proceeding be reopened to determine whether Suarez in fact intended to plead guilty to the offense charged in the indictment. If that was not his intent, then Suarez should be permitted to withdraw his plea under FED. R. CRIM. P. 32(e), and the case should proceed to a jury trial."

At sentencing, the district court, through a Spanish interpreter, questioned Suarez regarding his guilty plea. The following colloquy occurred:

> THE COURT: All right, Mr. Suarez, we discussed what you did in this case back in June, and somebody with the government has become concerned that you didn't admit that you did what you are charged with in this indictment. I'm going to try to clear that up.
>
> Mr. Suarez, have you used cocaine?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: And were you using cocaine back during the period covered by this -- back in February of this year, were you using cocaine?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: How much cocaine were you using in an ordinary month.
>
> THE DEFENDANT: Like an eighth, like -- a little bit, not too much.
>
> THE COURT: An eighth of a gram?
>
> THE DEFENDANT: An eighth.
>
> THE COURT: I'm sorry, I'm not familiar in the drug business. Perhaps I should be. A couple of grams?
>
> THE DEFENDANT: Yes.

3

THE COURT: How long would it have taken you to consume, the way you were using your drugs, two kilos of cocaine?

THE DEFENDANT: I don't know.

THE COURT: Well, if you were using two grams, is that a day or a week?

THE DEFENDANT: Yeah, like every day, like, as an average.

THE COURT: Okay, so two grams a day, two kilograms would be a three-year supply, if my arithmetic is right; is that right?

THE DEFENDANT: I don't understand, I didn't understand.

THE COURT: Well, a kilogram is a thousand grams. If you're using two grams a day, and you have two kilogram, that's a thousand-day supply, and that's 2.7 years or something like that. There are 365 days a year.

Under oath, are you telling me that you had two kilograms, roughly, of cocaine with you in February of this year for you personal use? Were all two kilogram of that cocaine for your personal use?

THE DEFENDANT: I don't understand.

THE COURT: Did you, in February of this year, when you had this package of cocaine, did you plan to take that home and use it?

THE DEFENDANT: No.

MR. DAVIS[1]: Judge, maybe perhaps the Court can inquire on what he was planning on doing with it.

THE COURT: What were you going to do with that package of 1.8 kilograms?

THE DEFENDANT: They asked me, as a favor, to pick it up. That's it.

THE COURT: So you were going to pick it up from one place and take it to another place and give it to somebody else.

MR. DAVIS: That sounds fine to me, Judge, if it does to you.

THE COURT: I didn't go back and read the transcript, I'll be happy to. I certainly don't want to do all of this again. So, all right.

The district court then heard Suarez's objections to the presentence report and imposed a sentence of 60 months imprisonment. This appeal followed.

---

[1]Davis was the Government attorney.

*Discussion*

Several federal constitutional rights are waived when a guilty plea is entered, thus it must be done intelligently and voluntarily. *Boykin v. Alabama*, 395 U.S. 238, 242-243 (1969). Before accepting a guilty plea, the court must address the defendant in open court and determine that the defendant understands "the nature of the charge to which the plea is offered." FED. R. CRIM. P. 11(c).

Although Suarez did not raise a Rule 11 challenge in the district court, he may assert it on appeal. *U.S. v. Reyna*, 130 F.3d 104, 107, 107 n.2 (5th Cir. 1997), *cert. denied*, 118 S.Ct. 1328 (1998) (concluding that Rule 11 challenges not raised in the district court are not waived and are reviewed under harmless-error analysis); *U.S. v. Henry*, 113 F.3d 37, 40 (5th Cir. 1997) (concluding that all failures to comply with Rule 11 are to be tested under the substantial-rights standard of Rule 11(h)).

Under the harmless-error analysis, this Court must determine (1) whether the sentencing court in fact varied from the procedures required by Rule 11 and (2) if so, did such variance affect the substantial rights of the defendant. *U.S. v. Johnson*, 1 F.3d 296, 298 (5th Cir. 1993) (en banc). A substantial right has been violated if "the defendant's knowledge and comprehension of the full and correct information would have been likely to affect his willingness to plead guilty." *Id*. at 302.

It appears from the transcript that Mr. Suarez did not understand what he was being charged with and that the court violated Rule 11(c)(1) by accepting his guilt plea without ensuring that Mr. Suarez understood the nature of the charge. *See U.S. v. Punch*, 709 F.2d 889, 894 n.7 (5th Cir. 1983) (holding that a guilt plea is not obtained voluntarily if the defendant lacks understanding of the law, thereby making the plea void as a violation of due process).

There are three elements to possession with the intent to distribute cocaine base: (1) knowing (2) possession of the drugs in question (3) with intent to distribute them. *United States v. Ortega Reyna*, 148 F.3d 540, 553 (5th Cir. 1998). Intent to distribute may be inferred from the

5

quantity involved. *United States v. Brito*, 136 F.3d 397, 411 (5th Cir. 1998), *cert. denied*, 118 S.Ct. 1817 (1998). "Intent to distribute may be inferred from the presence of distribution paraphernalia, large quantities of cash, or the value and quality of the substance." *U.S. v. Cardenas*, 9 F.3d 1139, 1158 (5th Cir. 1993), *cert. denied*, 511 U.S. 1134 (1994) (internal quotes omitted). "Intent to distribute is typically inferred from the fact that an amount is too large for any purpose other than distribution." *U.S. v. Sanchez*, 961 F.2d 1169, 1176 (5th Cir. 1992), *cert. denied*, 506 U.S. 918 (1992). Distribution includes acts in furtherance of transfer or sale, such as arranging or supervising the delivery. *U.S. v. Lechuga*, 888 F.2d 1472, 1478 (5th Cir. 1989).

At the rearraignment, following the reading of the charge on the indictment, Mr. Suarez plead, "Guilty to possession." When the court explained that, "the charge is possession with intention to distribute. That means that you possessed it for the purpose of transferring it and not just for personal use," Mr. Suarez responded, "No. I am *only* guilty of possession" (emphasise added). In light of Mr. Suarez's response, it is evident that the court failed to determine whether the defendant understood the nature of the charge to which the plea was offered and erred by accepting his guilty plea without first clarifying this important matter.

The district court's questioning at sentencing failed to cure the defect in the original Rule 11 hearing. Although the court suggested that the amount of cocaine was too large for personal use, Mr. Suarez never admitted in open court that he understood the charge against him or that he had intended to transfer the cocaine to someone else. The defendant's statement, "They asked me, as a favor, to pick it up. That's it," is insufficient to show that he intended to plea guilty to the charge of possession with intent to distribute. The court's final response on the matter, "So you were going to pick it up from one place and take it to another place and give it to somebody else," cannot serve as an admission of guilt on behalf of the defendant. The admission must come from the defendant in order to insure a proper understanding of the charge under Rule 11.

The Government contends, as in *U.S. v. Reyna*, that the district court adequately explained the nature of the charge to Suarez prior to accepting his guilty plea, and hence, any possible

6

violation of Rule 11 was harmless. *Reyna*, 130 F.3d at 110-11. *Reyna*, is factually different from this case. In *Reyna*, the court failed to inform the defendant of the mens rea requirement of the charge. However, this Court dismissed it as harmless error because his replies to the court's inquiries, along with the indictment, showed Reyna's understanding of the charge against him. *Id*. This Court rightly concluded that no additional information would likely affect the defendant's willingness to plea guilty , and hence, any Rule 11 error was harmless. *Id*.

In contrast, in this present case, the district court satisfied itself that Suarez was guilty of possession with intent to distribute, but it failed to perform its duty of ascertaining whether Suarez understood the nature of the charge he was pleading to. When asked about his intentions regarding the cocaine, Suarez replied, "They asked me, as a favor, to pick it up. That's it." In light of this statement, it is likely that if he understood the nature of the offense charged, he might not be willing to plea guilty.

In accordance with this Court's en banc decision in *Johnson*, 1 F.3d at 302, it follows that a substantial right of the defendant may have been violated and this error may not be harmless.[2] It is evident that Suarez never acknowledged that he understood that he was pleading guilty to possession with intent to distribute. Accordingly, we vacate the plea and remand it to district court for further proceedings.

---

[2]The en banc court in *Johnson* noted that "the kinds of Rule 11 violations which might be found to constitute harmless error upon direct appeal are fairly limited." *Johnson*, 1 F.3d at 302 (internal citations omitted).