IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-40659
Conference Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

ROSA MERAZ,

                                        Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. B-97-CR-390-1
- - - - - - - - - -

June 16, 1999

Before EMILIO M. GARZA, BENAVIDES, and PARKER, Circuit Judges.

PER CURIAM:[*]

     Appellant, Rosa Meraz, seeks reversal of her guilty-plea
conviction for conspiracy to possess with intent to distribute
more than five kilograms of cocaine.  Meraz argues that she was
not informed at the time she entered her plea of the possibility
that she would be deported and that if she were to return to this
country unlawfully, she would face an additional twenty-five
years in prison.  Meraz contends that the court's failure to

---

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

inform her of these potential consequences rendered her plea involuntary.

Meraz invites this court to reverse a long line of jurisprudence in which we have consistently held that a defendant has no due process right to be informed of the possibility of deportation and that a defendant's lack of knowledge of such a possibility does not render a guilty plea involuntary.  See United States v. Oseimi, 980 F.2d 344, 349 (5th Cir. 1993); United States v. Gavilan, 761 F.2d 226, 227 (5th Cir. 1985); Garcia-Trigo v. United States, 671 F.2d 147, 150 (5th Cir. 1982). We decline this invitation.  See Burlington N. R.R. Co. v. Brotherhood of Maintenance of Way Employees, 961 F.2d 86, 89 (5th Cir. 1992) (prior panel decisions are binding absent *en banc* consideration or intervening Supreme Court decision).

Meraz raises a second issue, asserting that she should be "excused" from filing a motion to reconsider her sentence. Although the exact nature of her argument is unclear, it appears that Meraz is seeking to avoid "plain-error" review for failure to raise the voluntariness issue below.  However, a Rule 11 challenge may be raised for the first time on appeal and is subject to a harmless error standard.  See United States v. Suarez, 155 F.3d 521, 524 (5th Cir. 1998).  Thus, her failure to raise her voluntariness claim below is of no consequence here.

For the foregoing reasons, the judgment of the district court is AFFIRMED.