IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-40665
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SAUL ROBERTO LOPEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-98-CR-37-1

_____

July 7, 1999

Before EMILIO M. GARZA, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Saul Roberto Lopez was convicted on his plea of guilty of having illegally reentered the United States after having been deported, and he appeals. We AFFIRM.

Lopez contends that he is entitled to reversal on grounds that the district court abused its discretion by not holding a competency hearing for him sua sponte, in accordance with 18 U.S.C. § 4241(a). He bases this on the bizarre reasons he gave for returning to the United States from Mexico.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

"Whether 'reasonable cause' exists to put the court on notice that the defendant might be mentally incompetent is left to the sound discretion of the district court." <u>United States v. Davis</u>, 61 F.3d 291, 304 (5th Cir. 1995). Accordingly, this court reviews the district court's decision not to hold a competency hearing for abuse of discretion. <u>Id</u>. "In determining whether there is a 'bona fide doubt' as to the defendant's competence, the court considers three factors: (1) any history of irrational behavior, (2) the defendant's demeanor at trial, and (3) any prior medical opinion on competency." <u>Id</u>.

"[T]he standard for competence to stand trial [or to plead guilty] is whether the defendant has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and has a rational as well as factual understanding of the proceedings against him." <u>Godinez v. Moran</u>, 509 U.S. 389, 396-97 (1993) (citation and quotation marks omitted). Lopez demonstrated at his rearraignment and his sentencing hearing that he possessed the requisite ability and understanding.

Lopez does not have a significant history of irrational behavior. Nor do prior medical opinions concerning his competency, one of which was formed shortly prior to Lopez's sentencing, support his contention. Accordingly, the district court did not abuse its discretion by not holding a competency hearing sua sponte. <u>See</u> <u>Davis</u>, 61 F.3d at 304.

Lopez contends that he is entitled to relief on grounds that the district court did not specifically advise him that if he pleaded guilty, he would waive his privilege against

self-incrimination.  See Fed. R. Crim. P. 11(c)(3).

A defendant-appellant's "Rule 11 challenges are reviewed under a harmless-error analysis."  United States v. Crow, 164 F.3d 229, 233 (5th Cir. 1999).  "Under the harmless-error analysis, this Court must determine (1) whether the sentencing court in fact varied from the procedure required by Rule 11 and (2) if so, did such variance affect the substantial rights of the defendant."  United States v. Suarez, 155 F.3d 521, 524 (5th Cir. 1998).

The district court adequately complied with Rule 11.  Implicit in the court's advice that if he went to trial, the Government would have to prove his guilt and that he "would not have to do anything except to show up," is the advice that Lopez could not be compelled to incriminate himself.  See United States v. Bachynsky, 949 F.2d 722, 726 (5th Cir. 1991).  Accordingly, Lopez's Rule 11 claim has no merit.

JUDGMENT AFFIRMED.