**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

---

**No. 98-40553**

---

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**v.**

**RODOLFO VASQUEZ-BERNAL,**

**Defendant-Appellant.**

---

**Appeal from the United States District Court**
**for the Southern District of Texas**
(B-98-CR-40-1)

---

August 5, 1999

Before JONES and WIENER, Circuit Judges, and WALTER,[*] District Judge.

PER CURIAM:[**]

On January 28, 1998, Rodolfo Vasquez-Bernal pleaded guilty to an indictment charging him with illegal entry into the United States subsequent to deportation. See 8 U.S.C. § 1326. Vasquez-Bernal pleaded to the charged offense without the benefit of a plea agreement. On appeal, Vasquez-Bernal does not challenge the merits of the underlying conviction. Instead, he argues that the district court failed to advise him of the range of punishment applicable to his crime under § 1326. Vasquez-Bernal maintains

---

[*] District Judge of the Western District of Louisiana, sitting by designation.

[**] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that this failure violated Fed. R. Crim. P. 11 and mandates a reversal of his conviction. The Federal Public Defender ought to have better things to do. Finding the district court's error harmless, and this appeal frivolous, we dismiss.

To ensure that a guilty plea is "voluntary, accurate and properly recorded," Rule 11 establishes the procedure that a district court must follow when accepting a plea. See United States v. Crow, 164 F.3d 229, 233 (5th Cir.) (citing United States v. Myers, 150 F.3d 459, 464 n.8 (5th Cir. 1998)), cert. denied, ___ U.S. ___, 119 S. Ct. 2051 (1999). Under Rule 11, a district court must inform the defendant of the nature of the charge, the mandatory minimum penalty, the maximum possible penalty, any special parole or supervised release term, and any applicable sentencing guidelines. See Fed. R. Crim. P. 11(c)(1).

If a defendant challenges the Rule 11 procedures employed by the district court during a plea colloquy, this court reviews the record for harmless error. See United States v. Suarez, 155 F.3d 521, 524 (5th Cir. 1998). First, the court must determine whether the district court varied from Rule 11's dictates. See id. If the district court has failed to comply with Rule 11, the court then examines whether the variance "affect[ed] the substantial rights of the defendant." Id.

The district court received Vasquez-Bernal's plea during the course of a simultaneous guilty plea hearing for ten other, similarly-charged defendants. No defendant objected to the procedure employed by the district court, and Vasquez-Bernal's

counsel did not object to the entry of his client's guilty plea. The district court, however, did not specifically comply with Rule 11 when it failed to personally inform Vasquez-Bernal of the punishment range he faced as a consequence of his crime.

That the district court failed to follow Rule 11's strict requirements, only completes half of our query. We must now determine whether this error affected Vasquez-Bernal's substantial rights. Though the district court failed to inform Vasquez-Bernal of the punishment range for the charged crime, the presentence report specifically detailed the punishment range applicable to Vasquez-Bernal's crime. See United States v. Herndon, 7 F.3d 55, 57 (5th Cir. 1993) (examining presentence report for evidence that plea was voluntary and made with full awareness of plea's consequences). Vasquez-Bernal was sentenced to 46 months in custody,[1] 3 years supervised release, and a $100 special assessment. This sentence was at the bottom of the guideline range for his offense and criminal history, including a three-level reduction for acceptance of responsibility under U.S. Sentencing Guidelines Manual § 3E1.1(b). As the government points out, a reversal would necessitate a new plea hearing or trial -- the outcome of which would likely cause Vasquez-Bernal's sentence to increase based on the loss of the reduction under U.S. Sentencing Guidelines Manual § 3E1.1(b).

---

[1] Vasquez-Bernal's sentence is well below the 20-year maximum period of incarceration potentially applicable to violations of § 1326.

3

In light of the circumstances surrounding this plea hearing, it would be absurd to find that Vasquez-Bernal was unaware of the consequences of his crime or that this alleged lack of knowledge actually affected his decision to plead guilty to the illegal entry charge. Vasquez-Bernal does not argue that he would not have pled guilty had he been personally informed of the punishment range for his crime; he merely argues that the court's error mandates a reversal of his conviction. As this court explained in Suarez, "[a] substantial right has been violated if 'the defendant's knowledge and comprehension of the full and correct information would have been likely to affect his willingness to plead guilty.'" 155 F.3d at 524 (quoting United States v. Johnson, 1 F.3d 296, 302 (5th Cir 1993) (en banc)). Vasquez-Bernal has offered no proof -- not even an allegation -- that the punishment information omitted from his plea hearing would have altered his plea to the illegal entry charge. See United States v. Williams, 120 F.3d 575, 577-78 (5th Cir. 1997), cert. denied, --- U.S. ---, 118 S. Ct. 722 (1998). Lacking such proof and finding no rational basis under the circumstances to conclude that Vasquez-Bernal would have pled differently had he been properly advised of the punishment range for his offense, we find no merit in appellant's argument.

**DISMISSED AS FRIVOLOUS.**