UNITED STATES of America,
Plaintiff–Appellee,

v.

Devon Roy WHYTE, Defendant–
Appellant.

No. 92–4150
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Sept. 21, 1993.

Frank Granger, Lake Charles, LA. (Court-appointed), for defendant-appellant.

Josette L. Cassiere, Asst. U.S. Atty., Joseph S. Cage, Jr., U.S. Atty., Shreveport, LA, for plaintiff-appellee.

Before GARWOOD, HIGGINBOTHAM, and BARKSDALE, Circuit Judges.

PER CURIAM:

In light of our recent decision in *United States v. Johnson*, 1 F.3d 296 (5th Cir.1993) (en banc), we withdraw our previous opinion and substitute the following.

Devon Whyte pled guilty in a plea agreement to possession of cocaine with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). The plea agreement stated that Whyte was subject to a minimum term of five years and a maximum term of twenty years imprisonment, a minimum term of four years supervised release, and a fine of up to $2,000,000. During the sentencing colloquy required by Fed. R.Crim.P. 11, the district court informed Whyte of these terms. However, the penalties stated in the plea agreement and by the court during the plea colloquy were incorrect. In truth, Whyte was subject to a mandatory term of ten years, not five, a possible maximum term of life, not twenty years, a supervised release term of five years, not four, and a fine of $4,000,000, not $2,000,000.

A sentencing hearing took place approximately one year after the plea colloquy.[1] The district court considered at the time a motion by Whyte to withdraw his guilty plea on the grounds that Whyte was incompetent and that the district court failed to fulfill the requirements of Rule 11 during the colloquy. The court rejected the competency claim, but reserved decision on Whyte's Rule 11 claim. After sentencing Whyte to a fourteen-year term of imprisonment plus five years of supervised release, the district court denied Whyte's motion to withdraw the guilty plea. The district court held that its failure to inform Whyte of the correct mandatory minimum and maximum terms was harmless error under *United States v. Bachynsky*, 934 F.2d 1349 (5th Cir.) (en banc), *cert. de-*

1. Shortly after the colloquy, the district court granted Whyte's motion to have Whyte commit-   ted for psychiatric evaluation.

*nied,* —— U.S. ——, 112 S.Ct. 402, 116 L.Ed.2d 351 (1991) because the total number of years in Whyte's sentence (nineteen) was less than the possible maximum sentence of twenty years stated by the district court in the plea colloquy. Whyte has appealed to this court.

In *United States v. Johnson,* 1 F.3d 296 (5th Cir.1993) (en banc), we held that all errors made during Rule 11 proceedings are subject to harmless error analysis. *Id.* 1 F.3d at 301–302. Thus, we must decide whether the district court committed a harmless error in misstating the minimum penalty, maximum penalty, term of supervised release, and maximum fine to which Whyte was subject. We hold that the district court's error was not harmless.

In *Johnson,* the district court neglected to inform the defendant, Johnson, that one of the crimes to which he was about to plead guilty carried a minimum sentence of one year. *Id.* 1 F.3d at 298. Just before pleading, however, counsel for the defense informed Johnson, apparently not for the first time, that he would receive a sentence of between 21 and 27 years. *Id.*[2] Johnson indicated that he was aware of the range of his impending sentence. The Fifth Circuit, applying "common sense, logical analysis" to the case before it, ruled that the district court's error was harmless. *Id.* 1 F.3d at 303. Two aspects of *Johnson* distinguish that case from the present one.

First, in *Johnson,* the Fifth Circuit noted that the district court had omitted to inform the defendant of a minimum mandatory sentence that was only a small fraction of the sentencing guideline range.[3] In contrast, the magnitude and likely impact of the mistake in the present case were considerable. Whyte was subject to a minimum sentence of ten years rather than the minimum sentence of five years which the district court indicated. An error on this scale was likely to cause Whyte to underestimate significantly the sentence he would receive upon pleading guilty.

There is a second reason why *Johnson* is distinct from the present case. In *Johnson,* the district court made an error of omission. The court failed to inform Johnson of the minimum sentence that attached to one of the crimes to which he was considering pleading guilty. *Id.* 1 F.3d at 298. In the present case, in contrast, the district court affirmatively misstated the law. Moreover, the plea agreement corroborated the court's mistake. Nevertheless, the government contends that, since defense counsel at one point informed Whyte of the scope of the sentence that confronted him,[4] the court's error was harmless. For this to be true, Whyte would have had to rely on a claim which defense counsel made on one occasion rather than defer to subsequent statements made by the government, his attorney, and the court.[5] Under these circumstances, the risk of prejudice—that Whyte was misled by the court's error—is too great.

The court stated inaccurately the minimum sentence to which the defendant was subject.

2. Defense counsel informed Johnson that he was "looking at" a sentence "in the neighborhood" of 21 to 27 years. *Id.* 1 F.3d at 298. Counsel then asked, "And understanding that and my explaining to you two days ago or three days ago and then again—and then again today, do you still want to proceed with your plea?" Johnson replied, "Yes, sir." Counsel continued, "Okay. You understand what you're looking at and you're going into this with your eyes wide open?" Johnson responded, "Yes."

3. The *Johnson* court emphasized this fact, explaining, "When ... a mandatory minimum sentence is almost as large as the sentencing guideline range, knowledge of the minimum may well be found necessary for the defendant to understand his situation fully." *Id.* 1 F.3d at 302 n. 31

(discussing *United States v. Martirosian,* 967 F.2d 1036, 1039 (5th Cir.1992)).

4. The government relies for this claim on a letter which the government sent to defense counsel, and which defense counsel shared with the defendant.

5. The government sent to the defendant—subsequent to its first, accurate letter—an affidavit making the false assertion that Whyte would be subject to a sentence of between 5 and 20 years. Moreover, the court made the same erroneous claim, and both the Assistant United States Attorney and defense counsel signed the plea agreement containing this error. These mistakes all occurred after the one occasion on which the defendant received accurate information about sentencing from his counsel.

While the determination of whether this error harmed the defendant does not turn on whether it was one of commission or omission, that the court made an affirmative misstatement nevertheless increases the risk of harm. In this case, the error was not harmless. We VACATE Whyte's conviction and sentence, and REMAND in order that he may replead.