**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

**No. 00-30862**

_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**VERSUS**

**JERRY WILTZ,**

**Defendant-Appellant.**

---

**Appeal from the United States District Court for the
Eastern District of Louisiana**
(99-CR-20-1-T)

---

May 9, 2001

Before JONES, DeMOSS and BENAVIDES, Circuit Judges.

EDITH H. JONES, Circuit Judge:[*]

Defendant Jerry Wiltz challenges several aspects of his sentence following a guilty plea. First, he contends that the district court did not comply with the requirements of Federal Rule of Criminal Procedure 11 during the guilty plea colloquy. Second, he argues that, in light of <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 120 S.Ct. 2348 (2000), his supervised release term should be modified. Finding that the defendant was prejudiced by the Rule 11

---

[*]    Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

error, we remand his guilty plea as to count 13.  We also modify his supervised release term in accordance with this circuit's post-Apprendi case law.

## BACKGROUND

Defendant Jerry Wiltz was involved in various crimes, including conspiracy to distribute drugs, possession of firearms by a felon, and assault on an officer.  On separate occasions, the police found both drugs and firearms on Wiltz after either conducting surveillance or receiving tips about illegal drug transactions.[1]

Wiltz and his co-defendant Atiba Pilart were initially indicted in January of 1999 by a grand jury on four counts for violations of the Federal Gun Control Act, the Federal Controlled Substances Act, and for assaulting a federal officer.  He pled not guilty to each of these crimes.  A superseding indictment was returned on November 19, 1999, charging both with additional

---

[1]     For example, in 1997, police officers saw Wiltz sell cocaine, and then upon obtaining a search warrant they confiscated firearms, approximately 400 grams of crack cocaine and cocaine powder.  In the summer of 1998, the police confiscated $154 and 20 grams of crack cocaine from him.  In October 1998, the police detained Wiltz and three other men, and subsequently found 43 grams of crack cocaine in a nearby backyard.  In January of 1999, the police received tips that Wiltz was selling heroin out of his home. After obtaining a search warrant, they arrested Wiltz.  During the arrest, Wiltz assaulted a FBI special agent.  They found 1/4 kilogram of heroin, $9,000, a .45 caliber submachine gun and a Lorcin 9mm semi automatic pistol, among other weapons.

2

crimes.[2]  One month later, Wiltz once again entered a not guilty plea on all counts.  At the same time, Wiltz and the government were negotiating the terms of a plea agreement.

In early 2000, Wiltz agreed to plead guilty to counts 1, 2, 4, 13, 14 and 15.  The remaining counts were dismissed.  Before accepting the guilty plea, the district court advised Wiltz about, and ascertained that he understood, the maximum and minimum penalties for each of the counts.  The district court judge asked Wiltz whether he needed the judge to further review the indictment.

The district court erred in its discussion of count 13, which charges that the defendants "did knowingly use and carry two firearms, to wit: a Lorcin 9mm semiautomatic pistol, serial number L102137, and a .45 caliber semi-automatic submachine gun, serial

---

[2]     The counts in the indictment relating to Wiltz are as follows: (count 1) conspiracy to distribute cocaine hydrochloride and cocaine base, 21 U.S.C. § 841(a)(1), 21 U.S.C. § 846; (count 2) conspiracy to distribute heroine, 21 U.S.C. § 841(a)(1), 21 U.S.C. § 846; (count 3) possession with intent to distribute cocaine hydrochloride and cocaine base,  21 U.S.C. § 841(a)(1); (count 4) felon in possession of six firearms, 18 U.S.C. § 922(g)(1) and 924(a)(1); (count 5) knowingly using and carrying six firearms during a drug trafficking crime, 21 U.S.C. § 841(a)(1), 18 U.S.C. § 924(c)(1); (count 6) distribution of heroin, 21 U.S.C. § 841(a)(1) and 2; (count 9) possession with intent to distribute cocaine hydrochloride and cocaine base, 21 U.S.C. § 841(a)(1); (count 10) possession with intent to distribute cocaine hydrochloride and cocaine base, 21 U.S.C. § 841(a)(1); (count 11) possession with intent to distribute heroin, 21 U.S.C. § 841(a)(1) and (2); (count 12) distribute of cocaine hydrochloride and cocaine base, 21 U.S.C. § 841(a)(1) and (2); (count 13) knowingly using and possessing two firearms during a drug trafficking crime; (count 14) felon in possession of two firearms, 18 U.S.C. § 922(g)(1) and 924(a)(2); (count 15) assault of a federal officer, 18 U.S.C. § 111.

number 50712, during and in relation to a drug trafficking crime .
. . ."  The judge advised Wiltz that "[t]he maximum possible
penalty on this is a term of imprisonment of five years" which
"must run consecutive to any other sentence that I impose upon
you."  He also advised that Wiltz could be given a term of
supervised release for up to three years on this count.[3]  At
another point in the colloquy, the judge told the defendants that
there was no discretion regarding count 13: "I have to impose a
five year term of imprisonment consecutive to anything else I
impose.  Do each of you understand that?"

The plea agreement, signed by the Assistant United States
Attorney, Wiltz, and his attorney, likewise states that "[t]he
defendant further understands that the penalty defendant may
receive should his plea of guilty to count 13 be accepted is five
(5) years imprisonment."

In June of 2000, the district court sentenced Wiltz to a term
of 135 months on the drug conspiracy counts, 120 months on two of
the firearms possession counts, and 36 months on the assault count,
all to run concurrently.  He was also sentenced to a five year term
of supervised release for the conspiracy counts, three years for

---

[3]    The judge also explained to the defendants that they
reserved the right to appeal any punishment imposed in excess of
the statutory maximum and any punishment to the extent that it
constituted an upward departure from the guideline range deemed
most applicable by the judge.  Likewise, they were advised that
they could appeal their convictions if they believed that their
guilty plea was unlawful or involuntary, or if there was some other
fundamental defect in the proceeding.

4

the counts relating to firearms possession and one year for the assault count, all to run concurrently. On count 13, he was sentenced to a term of 120 months, with the sentence to run consecutively with the other counts. This sentence lies at the heart of the Rule 11 challenge, since the judge sentenced Wiltz to five more years for count 13 than had been discussed at the plea colloquy. At sentencing, Wiltz's attorney objected to this higher sentence. In particular, defense counsel objected to the allegation in the pre-sentence report that Wiltz used an assault rifle, because use and carrying of an assault rifle mandate a consecutive sentence of ten years rather than five. Defense counsel maintained that Wiltz pled guilty only to possession of a 9mm handgun as this allegedly was the only firearm that witnesses testified was in Wiltz's possession. As such, he requested that the judge consider a downward departure from the pre-sentencing report to the five year consecutive sentence, "which would be much more consistent with the police reports and Mr. Wiltz and the defense's understanding of the factual basis and the reports."

The district court denied Wiltz's motion, finding that the factual basis, record, and history of the case indicate that the 10 year sentence was correctly calculated. The judge stated that, although he did not have any independent knowledge or specific recollection of his colloquy with Mr. Wiltz, he knew that his typical colloquy would have gone through these issues. However,

5

the judge indicated that he would reconsider his position if provided with a transcript of the colloquy.

Wiltz filed a timely notice of appeal.

## DISCUSSION

On appeal, Wiltz challenges both his sentence for count 13 and his term of supervised relief.  We review each challenge below.

**A.   Count 13**

Wiltz argues on appeal that his guilty plea was neither knowing nor voluntary because the district court misinformed him as to the correct mandatory ten-year sentence for count 13.  As such, the district court judge did not properly follow the procedures of Rule 11(c)(1), which require that a district court "inform the defendant of the nature of the charge, the mandatory minimum penalty, the maximum possible penalty, any special parole or supervised release term, and any applicable sentencing guidelines." United States v. Vasquez-Bernal, 197 F.3d 169, 170 (5th Cir. 1999). *See also* Fed. Rule of Crim. Proc. 11(c)(1).

When reviewing challenges to a district court's compliance with the requirements of Rule 11 in the plea colloquy, we "conduct a straightforward, two-question 'harmless error' analysis: (1) Did the sentencing court in fact vary from the procedures required by Rule 11, and (2) if so, did such variance affect substantial rights of the defendant?" United States v. Johnson, 1 F.3d 296, 298 (5th Cir. 1993)(en banc).

6

There is no question here that the district court varied from the Rule 11 procedures by improperly advising Wiltz about the maximum sentence for count 13. *See* United States v. Still, 102 F.3d 118, 122-23 (5th Cir. 1996)(holding that "the district court varied from the procedures required by Rule 11 when it failed to inform [the defendant] of the mandatory minimum sentence to which he would be subject under" one of the counts).

The substantial rights prong is violated when "'the defendant's knowledge and comprehension of the full and correct information would have been likely to affect his willingness to plead guilty.'" United States v. Suarez, 155 F.3d 521, 524 (5th Cir. 1998)(quoting Johnson, 1 F.3d at 302). The variance affected Wiltz's substantial rights because he was given erroneous information regarding his sentence and therefore did not fully understand the consequences of his plea. Still, 102 F.3d at 123 ("[The defendant's] rights were substantially affected by the erroneous information regarding the mandatory minimum sentence applicable to count one."); United States v. Whyte, 3 F.3d 129, 130-31 (5th Cir. 1993)(holding that where the district court affirmatively misstated a minimum sentencing requirement, and the plea agreement made the same error, the risk of prejudice to the defendant was too great and the error was not harmless). We note, however, that both the colloquy and the indictment stated that Wiltz was pleading guilty to knowingly using and carrying both a

7

9mm semi-automatic pistol and a .45 caliber semi-automatic submachine gun. Likewise, the factual basis to which Wiltz pled guilty and which he signed, states that the police found both weapons. The only error was in the district court's recitation of the required penalty. Compounded with an identical error in the plea agreement, however, the "risk of prejudice--that [Wiltz] was misled by the court's error--is too great." Whyte, 3 F.3d at 130.[4]

The parties' only dispute lies in the appropriate remedy for this violation. Wiltz asks this court to order specific performance of the original plea bargain terms, i.e., to impose the five year consecutive sentence for count 13. He argues that his guilty plea rested significantly both on the Government's promise and agreement of a five year sentence on count 13, and on the plea colloquy itself.

Conceding the Rule 11 error, the Government suggests that it invalidates Wiltz's guilty plea to his firearms offense as described in Count 13. The Government argues that the appropriate remedy for a rearraignment sentencing error is a remand for new Rule 11 proceedings as to the count in question. We agree.

---

[4] The Government, defense counsel, and the district court could have easily corrected this error by turning to the appropriate provision in the statute cited in count 13 of the indictment. See 18 U.S.C. § 924(c)(1)(B)(I)("If the firearm possessed by a person convicted of a violation of this subsection-i) is a short-barreled rifle, short-barreled shotgun, or semiautomatic assault weapon, the person shall be sentenced to a term of imprisonment of not less than 10 years.").

The plea to count 13 must be vacated and the case remanded so that Wiltz may replead.  *See* <u>Still</u>, 102 F.3d at 123 ("As a result, [the defendant's] plea to count one must be vacated and the case remanded to enable [the defendant] to plead to this count again.").

Wiltz implicitly argues that the partially incorrect plea colloquy infected the entirety of his plea agreement and thus requires specific performance of the five-year sentence.  The defendant in <u>Still</u> similarly argued that the district court's misstatement regarding his sentence "infected" his plea to another count "because 'the mandatory minimum sentence [he] faced clearly was a material factor that affected his decision to plead guilty' . . . ."  *Id*.  As discussed in <u>Still</u>, "Rule 11(c) by its terms does not contemplate overlap of the counts, but rather speaks in terms of individual 'charge[s] to which plea[s] [are] offered.'"  *Id*.  Because the district court complied with the Rule 11 procedures regarding a second count, there was no error on that count.  Applying the same reasoning, we hold that the error as to count 13 does not infect the entire plea agreement and decline to order the extraordinary remedy of specific performance.  Such a remedy would be inconsistent with the statute proscribing the appropriate punishment for this offense.

## B.    Supervised Release

Wiltz contends that the district court erred in imposing a five-year term of supervised release, arguing that this was greater

9

than the statutory maximum applicable to the offense charged in the indictment and therefore invalid under Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348 (2000). In particular, Wiltz asserts that his five-year term of supervised release on counts 1 and 2 was plainly erroneous because the sentence was based on drug quantities not set forth in the indictment.

Because the defendant raises this argument for the first time on appeal, we review the issue for plain error. United States v. Meshack, 225 F.3d 556, 578 (5th Cir. 2000). Under the plain error standard, Wiltz is required to demonstrate "(1) an error; (2) that is clear or plain; (3) that affects the defendant's substantial rights; and (4) that seriously affects the fairness, integrity or public reputation of judicial proceedings." Meshack, 225 F.3d at 575 (internal quotations omitted) (quoting United States v. Vasquez, 216 F.3d 456, 459 (5th Cir. 2000)). "Under plain error review, we correct overlong terms of supervised release." Meshack, 225 F.3d at 578. "However, we need only adjust overlong terms of supervised release down to what would be the longest term had supervised release been calculated in accordance with Apprendi." Id.

Supervised release terms are reduced "to the maximum term allowable by statute for [drug] possession which does not require some showing of drug amount . . ." Meshack, 225 F.3d at 578. Absent a specific drug quantity, Wiltz should have received a

10

maximum supervised release term of three years on counts 1 and 2. Ordinarily, we would modify his supervised release term to three years. *See id;* 21 U.S.C. § 841(b)(1)(C)(providing for a "term of supervised release of at least 3 years"); 18 U.S.C. § 3583(b)(2))(providing, in the default supervised release statute, for a term of supervised release of "not more than three years" for Class C felonies); United States v. Doggett, 230 F.3d 160, 165 n.2 (5th Cir. 2000)("Since the elements found by the jury satisfied only a conviction under §  841(b)(1)(C), a Class C felony, Doggett's term of supervised release could not exceed three years."); United States v. Kelly, 974 F.2d 22, 24-25 (5th Cir. 1992)(reducing a term of supervised release to three years in a similar case by harmonizing the three-year minimum in §  841(b)(1)(C) with the three-year maximum in § 3583(b)).

The Government, however, argues that under 21 U.S.C. § 841(b)(1)(C) a defendant faces at least six years of supervised release when he has a prior felony drug conviction.  Because Wiltz pled guilty to attempted possession of cocaine in the 24th Judicial District Court of Jefferson Parish and received a two and one-half year sentence, the Government maintains that his term of supervised release is not statutorily excessive regardless of drug quantity. The Government is correct that, typically, a defendant with a prior

felony drug conviction faces six years of supervised release.[5]

However, we are troubled by the Government's argument for several reasons. First, the Government raises this point for the first time on appeal, as it did not seek the heightened penalty during plea negotiations or sentencing. Likewise, the district court did not take the prior conviction into account at sentencing as Wiltz's term of imprisonment for these counts was not enhanced as a result of the prior conviction. If the enhanced penalty of 21 U.S.C. § 841(b)(1)(C) had been applied to Wiltz's sentencing, he could *not* receive the five-year term. He would have to be sentenced to a supervised release term of at least six years. Adopting the Government's position would require that we affirm a supervised release term that is inconsistent with the statute. Indeed, it is curious that the Government advocates this position at this late stage when they did not seek this sentence at the appropriate time.

Second, it unclear from the record whether the prior conviction qualified as a basis for the enhancement. All that we know from the presentence report is that Mr. Wiltz pled guilty to attempted possession of cocaine and that the prior conviction qualified for one point under the sentencing guidelines. *See* 4A1.1(c); 4A1.2(e)(2). Count 4 of the indictment, to which he pled

---

[5]     A prior conviction is only a sentencing factor and need not be alleged in the indictment. <u>Almendarez-Torres v. United States</u>, 523 U.S. 224, 227, 118 S.Ct. 1219 (1998).

12

guilty, explains that Wiltz, "having previously been convicted of a crime punishable by imprisonment for a term exceeding one year, to wit: a conviction on October 31, 1996, in the Twenty-Fourth Judicial District Court, Jefferson Parish, State of Louisiana, for attempted possession of cocaine, in violations of LA R.S. 40:(969)(967(c)(2) . . ."

We do not know, however, whether the United States Attorney filed an information and followed the mandatory notice procedures of 21 U.S.C. § 851. "If the prosecution fails to comply with § 851's procedural requirements, a district court cannot enhance a defendant's sentence." United States v. Steen, 55 F.3d 1022, 1025 (5th Cir. 1995). *See also* United States v. Levay, 76 F.3d 671, 674 (5th Cir. 1996)("Failure on the part of the government to file, before trial or before entry of a guilty plea, an information stating the previous convictions, prevents a court from enhancing a sentencing under the statute."). "The statutory scheme . . . contemplates two distinct categories of repeat offenders for each possible crime." United States v. LaBonte, 520 U.S. 751, 759, 117 S.Ct. 1673, 1678 (1997). Simply put, those who receive notice are subject to the enhanced penalty, and those who do not are subject to the unenhanced penalty. *See id*. at 759-60, 117 S.Ct. at 1678.

Likewise, for the purposes of § 841(b)(1)(C), a court may only enhance a sentence for a prior conviction that is final, meaning that it "is no longer subject to examination on direct appeal."

13

United States v. Puig-Infante, 19 F.3d 929, 947 (5th Cir. 1994). *See also* United States v. Hass, 150 F.3d 443, 450(5th Cir. 1998) ("The "enhancement is authorized only if the commission of the § 841 offense occurs after the prior felony drug offense[s] has become final."). Because the statute related to the felon in possession count, which references the prior conviction, does not contain the same requirements as § 841, it does not provide a sufficient guarantee either that the conviction was final or that the proper notice was given.

In similar cases where courts have found no prejudice under plain error review, because the defendants could have received an enhancement for their prior convictions, the courts specifically noted that informations were filed. *See e.g.* United States v. Wilson, Nos. 99-6348, 99-6358, 99-6383, 2001 WL 303650,(10th Cir. 2001)[6]; United States v. Jones, No. 00-2531, 2001 WL 294306, *3 (7th Cir. 2001).

Because it is unclear from the record and from the

_____

[6]     In Wilson, for example, the sentencing judge had enhanced the defendant's sentence based on drug quantity.  The jury was instructed that it need only find that he had possessed a "measurable amount" of crack cocaine.  This was an Apprendi error if the drug quantity increased the sentence beyond the statutory maximum for possession of a measurable amount under 21 U.S.C. § 841(b)(1)(C).  The Tenth Circuit concluded that the defendant's sentence fell within the enhanced statutory maximum of § 841(b)(1)(C) when taking into consideration the defendant's prior drug convictions.  *Id.* at *6.  The court specifically noted that the government filed an information before trial in compliance with § 851.  *Id.* at *5.

14

Government's brief why Wiltz's supervised release term was not enhanced as a result of his prior conviction, we decline to hold that Wiltz was not prejudiced by the five-year supervised release term. As discussed *supra*, his sentence must be modified to three years.

For these reasons, Wiltz's guilty plea for count 13 is vacated, and the district court's judgment is **REMANDED** in part and **MODIFIED** in part.

15