Pakhrin v. Barr

BIA
Poczter, IJ
A206 059 769

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of May, two thousand twenty.

PRESENT:
>        ROBERT D. SACK,
>        DEBRA ANN LIVINGSTON,
>        JOSEPH F. BIANCO,
>             *Circuit Judges.*

_____

JETHI MAYA PAKHRIN, AKA TIL
KUMARI JOSHI,
>        *Petitioner,*

>        v.                                          18-713
>                                                    NAC

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
>        *Respondent.*

_____

FOR PETITIONER:            Khagendra Gharti-Chhetry, New
                           York, NY.

FOR RESPONDENT:            Joseph F. Hunt, Assistant
                           Attorney General; Mary Jane
                           Candaux, Assistant Director;
                           Michael C. Heyse, Trial Attorney,
                           Office of Immigration Litigation,
                           United States Department of
                           Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Jethi Maya Pakhrin, a native and citizen of Nepal, seeks review of a February 22, 2018, decision of the BIA affirming a June 16, 2017, decision of an Immigration Judge ("IJ") denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jethi Maya Pakhrin,* No. A206 059 769 (B.I.A. Feb. 22, 2018), *aff'g* No. A206 059 769 (Immig. Ct. N.Y. City June 16, 2017). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances, we have reviewed the IJ's and BIA's decisions without considering the IJ's denial of asylum as untimely because the BIA declined to rely on that finding in dismissing Pakhrin's appeal. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility

determination on . . . the consistency between the applicant's or witness's written and oral statements . . . , the internal consistency of each such statement, the consistency of such statements with other evidence of record . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 163-64 (2d Cir. 2008). Substantial evidence supports the agency's determination that Pakhrin was not credible as to her claim that Maoists attacked her in Nepal in 2005 and attacked her son in 2013 because of her refusal to support their cause and her membership in the National Democratic Party.

The agency reasonably relied on the fact that Pakhrin's statements regarding whether she received stitches after being attacked were inconsistent and continuously changing, and that her evidence regarding her activities for the National Democratic Party was internally inconsistent. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). She did not provide compelling explanations for these inconsistencies. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation

for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks omitted)).

Having questioned Pakhrin's credibility, it was reasonable for the agency further to rely on her failure to rehabilitate her testimony with reliable corroborating evidence. "An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question." *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). The agency did not err in declining to credit unsworn letters purportedly written by Pakhrin's sons because Pakhrin failed to provide evidence that she was related to the authors and, if related, they were interested witnesses who were not subject to cross-examination. *See Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013) ("We generally defer to the agency's evaluation of the weight to be afforded an applicant's documentary evidence."); *see also In re H-L-H- & Z-Y-Z-*, 25 I. & N. Dec. 209, 215 (B.I.A. 2010) (finding that letters from alien's friends and family were insufficient to provide substantial support for alien's claims because they were from

4

interested witnesses not subject to cross-examination), *overruled on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130, 133-38 (2d Cir. 2012). We further find no error in the agency declining to credit a threatening letter purportedly from Maoists that does not mention Pakhrin by name or a handwritten, partially illegible hospital discharge slip. *See Y.C.*, 741 F.3d at 332.

Given Pakhrin's inconsistent evidence and insufficient corroboration, the agency's adverse credibility determination is supported by substantial evidence. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). That determination was dispositive of asylum, withholding of removal, and CAT relief because all three claims were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of

Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe
Clerk of Court