Ahmed v. Garland

BIA
A073 544 457

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of December, two thousand twenty-one.

PRESENT:
        JOSÉ A. CABRANES,
        RAYMOND J. LOHIER, JR.,
        STEVEN J. MENASHI,
            *Circuit Judges.*

_____

FARID AHMED,
        *Petitioner,*

        v.                                    19-3
                                             NAC

MERRICK B. GARLAND,
UNITED STATES ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:         Amy N. Gell, Gell & Gell, New York, NY.

FOR RESPONDENT:         Joseph H. Hunt, Assistant Attorney General; Anthony P. Nicastro,

Assistant Director; Yanal H. Yousef, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Farid Ahmed, a native and citizen of Bangladesh, seeks review of a December 13, 2018, decision of the BIA denying his motion to reopen. *In re Farid Ahmed,* No. A 073 544 457 (B.I.A. Dec. 13, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

The applicable standards of review are well established. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168-69 (2d Cir. 2008). Ahmed asserted that members of established political parties would persecute him if he returned to Bangladesh because they would impute to him an opposing political opinion based on his brother's role in a minority political party. He also asked the BIA to reopen his case based on an approved visa petition filed on his behalf by his U.S. citizen wife. We find no abuse of discretion in the BIA's decision.

First, it is undisputed that Ahmed's 2018 motion to reopen was untimely because he filed it more than fifteen years after his removal order became final in 2002. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). Second, although the filing deadline does not apply if reopening is sought to apply for asylum based on a material change in conditions in the country of removal, 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3), the BIA reasonably determined that Ahmed failed to establish a material change in conditions in Bangladesh. The BIA did not err in assigning minimal weight to Ahmed's brother's letter as it was from an interested witness and did not reflect any threats against Ahmed or threats or harm to other family members on account of his brother's activities. *See Y.C. v. Holder*, 741 F.3d 324, 332, 334 (2d Cir. 2013) (holding that "[w]e generally defer to the agency's evaluation of the weight to be afforded an applicant's documentary evidence" and upholding BIA's decision not to credit letter from applicant's spouse); *see also In re H-L-H- & Z-Y-Z-*, 25 I. & N. Dec. 209, 215 (BIA 2010) (finding letters from family and friends insufficient support because they were from

3

interested witnesses not subject to cross-examination), *overruled on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130, 133-38 (2d Cir. 2012). In addition, the country conditions evidence demonstrated long-standing and continuing political violence between rival parties rather than worsened conditions since Ahmed's 2000 merits hearing. *See In re S-Y-G-*, 24 I. & N. Dec. 247, 253 (BIA 2007) ("In determining whether evidence accompanying a motion to reopen demonstrates a material change in country conditions that would justify reopening, [the agency] compare[s] the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below.").

Finally, the BIA did not misperceive the law in declining to reopen in light of Ahmed's purported eligibility to adjust status based on an approved visa petition filed by his U.S. citizen wife. His eligibility to adjust does not implicate an exception to the 90-day time limit for reopening. *See Matter of Yauri*, 25 I. & N. Dec. 103, 105 (BIA 2009); *see also* 8 U.S.C. § 1229a(c)(7)(C) (identifying exceptions); 8 C.F.R. § 1003.2(c) (same). Accordingly, reopening was available on this basis only in the "exercise of the [BIA's]

4

*sua sponte* authority." *Mahmood v. Holder*, 570 F.3d 466, 469 (2d Cir. 2009) (discussing 8 C.F.R. § 1003.2(a)). Where, as here, the BIA simply determined there were no exceptional circumstances, we lack jurisdiction to review the agency's "entirely discretionary" decision declining to reopen proceedings sua sponte. *Ali v. Gonzales*, 448 F.3d 515, 518 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court