*Singh v. Garland*
BIA
Zagzoug, IJ
A205 937 109

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of December, two thousand twenty-one.

PRESENT:
        JOHN M. WALKER, JR.,
        BARRINGTON D. PARKER,
        JOSEPH F. BIANCO,
            *Circuit Judges.*

_____

MANJIT SINGH,
      *Petitioner*,

      v.                        19-139
                                     NAC

MERRICK B. GARLAND,
UNITED STATES ATTORNEY GENERAL,
      *Respondent.*[1]

_____

**FOR PETITIONER:**      Richard W. Chen, Esq., New York, NY.

---

[1] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Merrick B. Garland is automatically substituted for Attorney General William P. Barr.

**FOR RESPONDENT:** Brian M. Boynton, Acting Assistant Attorney General; Carl McIntyre, Assistant Director; Robert D. Tennyson, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA" or "agency") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Manjit Singh, a native and citizen of India, seeks review of a December 17, 2018 decision of the BIA affirming a September 7, 2017 decision of an Immigration Judge ("IJ") denying Singh's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Manjit Singh,* No. A 205 937 109 (B.I.A. Dec. 17, 2018), *aff'g* No. A 205 937 109 (Immigr. Ct. N.Y.C. Sept. 7, 2017). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). The agency may, "[c]onsidering

2

the totality of the circumstances . . . base a credibility determination on the demeanor, candor, or responsiveness of the applicant," the plausibility of his account, and inconsistencies in his statements or between his statements and other evidence, without regard to whether those inconsistencies go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76.

Substantial evidence supports the agency's conclusion that Singh was not credible. First, the agency identified multiple inconsistencies between Singh's credible fear interview, testimony, and other record evidence regarding aspects of his military service in India, specifically his weapons training and awards, as well as inconsistent testimony pertaining to his previous travel outside of India. These inconsistencies are reflected in the record, and Singh's explanations for them do not compel a different

3

result. *Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).

The agency's reliance on Singh's demeanor was also reasonable, particularly given Singh's nonresponsive answers on cross examination. 8 U.S.C. § 1158(b)(1)(B)(iii). We give particular deference to an IJ's demeanor finding. *Majidi*, 430 F.3d at 81 n.1; *see also Tu Lin v. Gonzales*, 446 F.3d 395, 401 (2d Cir. 2006).

Having questioned Singh's credibility, the IJ reasonably concluded that Singh failed to rehabilitate his testimony with reliable corroborating evidence. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question."). The agency did not err in declining to afford significant weight to letters authored by interested individuals not available for cross-examination. *See Matter of H-L-H- & Z-Y-Z-*, 25 I. & N. Dec. 209, 215 (B.I.A. 2010) (finding that unsworn letters from the applicant's friends and family did not provide substantial support for the applicant's claims because they were from

4

interested witnesses not subject to cross-examination), *overruled on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130, 133–38 (2d Cir. 2012); *see also Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013) (deferring to agency's decision to give little weight to letter from applicant's spouse in China). Nor did the agency err in declining to credit medical documentation prepared five years after the alleged treatment. *See Y.C.*, 741 F.3d at 332; *Shunfu Li v. Mukasey*, 529 F.3d 141, 149 (2d Cir. 2008).

Given the inconsistencies, the demeanor finding to which we defer, and the lack of reliable corroboration, the totality of the circumstances supports the agency's adverse credibility ruling. *See Xiu Xia Lin*, 534 F.3d at 167. This adverse credibility determination is dispositive because all of Singh's claims relied on his credibility. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

5