**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

---

**No. 98-40553**

---

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**v.**

**RODOLFO VASQUEZ-BERNAL,**

**Defendant-Appellant.**

---

**Appeal from the United States District Court for the**
**Southern District of Texas**

**REVISED OPINION***
November 29, 1999

Before JONES and WIENER, Circuit Judges, and WALTER,** District Judge.

PER CURIAM:

On January 28, 1998, Rodolfo Vasquez-Bernal pleaded guilty to an indictment charging him with illegal entry into the United States subsequent to deportation. See 8 U.S.C. § 1326. Vasquez-Bernal pleaded to the charged offense without the benefit of a plea agreement. On appeal, Vasquez-Bernal does not challenge the merits of the underlying conviction. Instead, he argues that the district court failed to advise him of the range of punishment

---

*This opinion is substituted for an unpublished opinion issued on August 5, 1999.

**District Judge of the Western District of Louisiana, sitting by designation.

applicable to his crime under § 1326. Vasquez-Bernal maintains that this failure violated Fed. R. Crim. P. 11 and mandates a reversal of his conviction. The Federal Public Defender ought to have better things to do. Finding the district court's error harmless, we dismiss.

To ensure that a guilty plea is "voluntary, accurate and properly recorded," Rule 11 establishes the procedure that a district court must follow when accepting a plea. See United States v. Crow, 164 F.3d 229, 233 (5th Cir.) (citing United States v. Myers, 150 F.3d 459, 464 n.8 (5th Cir. 1998)), cert. denied, ___ U.S. ___, 119 S. Ct. 2051 (1999). Under Rule 11, a district court must inform the defendant of the nature of the charge, the mandatory minimum penalty, the maximum possible penalty, any special parole or supervised release term, and any applicable sentencing guidelines. See Fed. R. Crim. P. 11(c)(1).

If a defendant challenges the Rule 11 procedures employed by the district court during a plea colloquy, this court reviews the record for harmless error. See United States v. Suarez, 155 F.3d 521, 524 (5th Cir. 1998). First, the court must determine whether the district court varied from Rule 11's dictates. See id. If the district court has failed to comply with Rule 11, the court then examines whether the variance "affect[ed] the substantial rights of the defendant." Id.

The district court received Vasquez-Bernal's plea during the course of a simultaneous guilty plea hearing for ten other,

2

similarly-charged defendants. No defendant objected to the procedure employed by the district court, and Vasquez-Bernal's counsel did not object to the entry of his client's guilty plea. The district court, however, did not specifically comply with Rule 11 when it failed to personally inform Vasquez-Bernal of the punishment range he faced as a consequence of his crime.

That the district court failed to follow Rule 11's strict requirements, only completes half of our query. We must now determine whether this error affected Vasquez-Bernal's substantial rights. Though the district court failed to inform Vasquez-Bernal of the punishment range for the charged crime, the presentence report specifically detailed the punishment range applicable to Vasquez-Bernal's crime. See United States v. Herndon, 7 F.3d 55, 57 (5th Cir. 1993) (examining presentence report for evidence that plea was voluntary and made with full awareness of plea's consequences). Vasquez-Bernal was sentenced to 46 months in custody,[1] 3 years supervised release, and a $100 special assessment. This sentence was at the bottom of the guideline range for his offense and criminal history, including a three-level reduction for acceptance of responsibility under U.S. Sentencing Guidelines Manual § 3E1.1(b). As the government points out, a reversal would necessitate a new plea hearing or trial -- the outcome of which would likely cause Vasquez-Bernal's sentence to

_____

[1] Vasquez-Bernal's sentence is well below the 20-year maximum period of incarceration potentially applicable to violations of § 1326.

3

increase based on the loss of the reduction under U.S. Sentencing Guidelines Manual § 3E1.1(b).

In light of the circumstances surrounding this plea hearing, it would be absurd to find that Vasquez-Bernal was unaware of the consequences of his crime or that this alleged lack of knowledge actually affected his decision to plead guilty to the illegal entry charge. Vasquez-Bernal does not argue that he would not have pled guilty had he been personally informed of the punishment range for his crime; he merely argues that the court's error mandates a reversal of his conviction. As this court explained in Suarez, "[a] substantial right has been violated if 'the defendant's knowledge and comprehension of the full and correct information would have been likely to affect his willingness to plead guilty.'" 155 F.3d at 524 (quoting United States v. Johnson, 1 F.3d 296, 302 (5th Cir 1993) (en banc)). Vasquez-Bernal has offered no proof -- not even an allegation -- that the punishment information omitted from his plea hearing would have altered his plea to the illegal entry charge. See United States v. Williams, 120 F.3d 575, 577-78 (5th Cir. 1997), cert. denied, --- U.S. ---, 118 S. Ct. 722 (1998). Lacking such proof and finding no rational basis under the circumstances to conclude that Vasquez-Bernal would have pled differently had he been properly advised of the punishment range for his offense, we find no merit in appellant's argument.

4

We caution, of course, that district courts should take care that, even as they are more and more constrained to hold plea proceedings involving multiple defendants, they should be mindful of complying fully with Rule 11.

AFFIRMED.

WALTER, District Judge, with whom WIENER, Circuit Judge, joins concurring:

I agree with the majority opinion in every respect.

Everyone is familiar with the situation on the border, where, in order to avoid sinking in the floodtide of cases like these, overworked District Judges at the border are forced to handle guilty pleas in groups of up to ten disparate defendants at a time. This judge has experienced the problem first hand on visits to help out on the border. My sympathies are with all of the participants. There appears no end to the Tsunami that threatens to overwhelm the judiciary along the Texas border. Congress appears indifferent to the cries for additional Judges, Assistant United States Attorneys and Public Defenders. Until some relief is provided, there appears no alternative to the procedures adopted by the Judges of the border districts. Recognizing this, I believe that the United States Attorney, and, to a lesser degree, the Public Defender have an obligation to the Court to help the Judiciary dot i's and cross t's in order to comply with the requirements of Rule 11. This is not a game of "gotcha" where the Public Defender can or should let something like this go by without calling the Court's attention to the omission. The United States Attorney has a far greater obligation to listen to the plea colloquy, and aid the Judge in keeping some order in the chaos of

6

multiple pleas.  Every participant has an interest in handling these cases as expeditiously and efficiently as the law allows.

In continuing to write, I do not denigrate the importance of Rule 11, nor the rights of the defendant to an informed plea. But, if ever there was harmless error, this is one and I feel that the resources of the Public Defender's office could have been better spent with a little more thought.

I reason thus:

1.  the district court erred in not telling the defendant of the maximum sentence.

2.  as a result, the defendant was sentenced to the absolute minimum (he got three points off for acceptance of responsibility) under the guidelines and there existed no reasons for departure.

3.  the public defender should have advised the defendant of the error and told him of his right to appeal as follows:

a.  "The trial court made an error in not advising you of the maximum penalty, but as you know, I explained the maximum penalty in our early discussions.  Despite that, you have a right to appeal, but my best judgment is that under Johnson[1], this will be harmless error and the conviction will be affirmed.  We should not waste resources appealing.  Please sign this release acknowledging that I advised you of this and that you agree."

b.  "if you insist upon appealing, as is your right, here are the possible scenarios:

1)  I am right and the case will be affirmed. or,

2)  the appeals court will reverse and remand at which time:

---

[1] United States v. Johnson, 1 F.3d 296

a) you may withdraw your plea, we will have a trial and you will be convicted, because the evidence against you is overwhelming. You will lose the three points for acceptance of responsibility and you will go to jail for longer, **or**,

b) you will reenter your plea of guilty and get exactly the same sentence and we will have used all these resources and accomplished nothing.

I strongly urge you not to appeal and if you insist upon the appeal, as is your right, I will do so, but I will do so under Anders[2]."

_____

[2] Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed2d 493 (1967)