**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 98-50655

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RUDOLPH CALDERON NOGALES,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Texas

(EP-97-CR-655-1-H)

May 4, 2000

Before EMILIO M. GARZA, DeMOSS, and STEWART, Circuit Judges.

CARL E. STEWART, Circuit Judge:[*]

Rudolph Calderon Nogales ("Nogales") appeals his conviction following a guilty plea for importing marihuana and cocaine from Mexico in violation of 21 U.S.C. §§ 952(a) and 960(a)(1). For the following reasons, we affirm.

FACTUAL AND PROCEDURAL HISTORY

In July 1997, Nogales was stopped at the border entering the United States from Mexico. The border patrol searched his vehicle and discovered 47.4 pounds of marihuana and 5.1 pounds of cocaine. Nogales was charged in a four-count indictment with conspiracy to possess marihuana and cocaine in violation of 21 U.S.C. §§ 846 and 841(a)(1), conspiracy to import marihuana and cocaine in violation of 21 U.S.C. §§ 952(a) and 960 (a)(1), possession with intent to distribute marihuana and

---

[*]Pursuant to 5ᵀᴴ Cɪʀ. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ Cɪʀ. R. 47.5.4.

cocaine in violation of 21 U.S.C. § 841(a)(1), and importation of marihuana and cocaine into the United States from Mexico in violation of 21 U.S.C. §§ 952(a) and 960(a)(1).

In November 1997, Nogales appeared for rearraignment in order to plead guilty, but after hearing the defendant's testimony regarding the involvement of a co-defendant,[2] the court rejected the plea and set the case for trial. The district court subsequently granted the defendant's motion for a mental exam. Based on the report of the psychiatrist, the court found that Nogales had a rational and factual understanding of the proceedings against him, he could assist in his own defense, and that although he suffered some mental defects these defects did not prevent him from being competent to stand trial.

Nogales entered into a plea agreement with the Government in which Nogales plead guilty to count four of the indictment and the Government agreed to dismiss the remaining counts. The Government also agreed to not oppose a reduction for acceptance of responsibility, or "minor role" if the evidence supported such a finding. Before entering into the plea agreement, the Government had filed a notice of enhanced penalty which stated that Nogales had previously been convicted of a drug felony and therefore would be subject to a term of imprisonment of at least ten years pursuant to 21 U.S.C. §§ 851(a)(1) and 841(b)(1)(B)(ii). Nogales was sentenced to 120 months of imprisonment followed by eight years of supervised release.

DISCUSSION

I.      Failure to Comply with Rule 11

Nogales argues on appeal that the district court erred in failing to comply with FED. R. CRIM. P. 11 ("Rule 11"), and that these errors were not harmless. Specifically, Nogales contends that the district court failed to inform him of his right to be tried by a jury, failed to inform him that he had the right to assistance of counsel at trial, failed to instruct him that he would not have the right to withdraw his guilty plea, and that the district court did not sufficiently explain that Nogales' guilty

---

[2]Counts one and two of the indictment outlined above were also entered against Ernest Soqui, along with a fifth count of making a false and fictitious material statement in violation of 18 U.S.C. § 1001.

plea would result in a mandatory ten-year term of imprisonment due to his previous felony drug conviction. We have held that when an appellant claims that the district court failed to comply with Rule 11, we will conduct a two-part "harmless error" analysis: (1) Did the sentencing court in fact vary from the procedures required by Rule 11, and (2) if so, did such variance affect the substantial rights of the defendant. United States v. Johnson, 1 F.3d 296, 298 (5th Cir. 1993) (en banc). We conduct our review of a Rule 11 challenge based solely on the record on appeal, primarily the transcript of the plea colloquy, but also other portions of the record including the written plea agreement, the sentencing hearing, and the sentence imposed. Id.

Rule 11 provides in pertinent part:

 (c) Advice to Defendant.  Before accepting a plea of guilty or nolo contendere, the court must address the defendant personally in open court and inform the defendant of, and determine that the defendant understands, the following:
(1) the nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law, including the effect or any special parole or supervised release term, the fact that the court is required to consider any applicable sentencing guidelines but may depart from those guidelines under some circumstances, and, when applicable, that the court may also order the defendant to make restitution to any victim of the offense;
(2) if the defendant is not represented by an attorney, that the defendant has the right to be represented by an attorney at every stage of the proceeding and , if necessary, one will be appointed to represent the defendant;
(3) that the defendant has the right to plead not guilty or to persist in that plea if it has already been made, the right to be tried by a jury and at that trial the right to the assistance of counsel, the right to confront and cross-examine adverse witnesses, and the right against compelled self-incrimination....

Upon our examination of the transcript of the plea colloquy in the present case, it is clear that the district court failed to inform Nogales that he had the right to an attorney at every stage of the proceeding, and that, if necessary, the court would appoint him an attorney.  Also, while the district court did inform Nogales that he was waiving his right to a trial, the court failed to state that Nogales had the right to be tried by a jury.  Finally, Nogales alleges that the district court failed to clearly explain the maximum and minimum penalties associated with his guilty plea.  The transcript reveals that there was some initial confusion because the Government first stated the minimum sentence would be five years.  However, once the Government and the court discovered the error, the district

court specifically stated that the Government's initial statement on the minimum sentence should be disregarded. Also, a notice of sentence enhancement had already been filed which stated that Nogales was subject to a ten-year minimum sentence due to his previous felony drug conviction. After the initial mistake at the plea colloquy, the district court stated three times that due to Nogales' previous conviction the minimum sentence would be ten years. Thus, we find that the district court did follow Rule 11 in its explanation of the minimum and maximum penalties.

Because the district court failed to inform Nogales of his right to be tried by a jury, and his right to an attorney throughout the proceedings, we will now examine whether this variance from the Rule 11 procedures affected the substantial rights of the defendant. See Johnson, 1 F.3d at 298. In determining whether a defendant's substantial rights have been affected, we "focus on whether the defendant's full knowledge and comprehension of the full and correct information would have *been likely to affect his willingness to plead guilty*." Id. at 302 (emphasis added). The Government argues that Nogales' substantial rights have not been affected because he has failed to prove that he was unaware of his right to a trial by jury, or his right to assistance of counsel. The Government argues that this court's recent decision in United States v. Vasquez-Bernal, 197 F.3d 169, 171 (5th Cir. 1999) establishes that in the absence of an allegation and/or proof that the omitted information would have altered the guilty plea, no substantial right has been violated. We disagree with the Government's broad reading of Vasquez-Bernal that would have us replace the Johnson "likely to affect willingness to plead guilty" standard with a standard which requires defendants to affirmatively allege and prove that they would have altered their guilty plea in order to establish that their substantial rights were affected by the Rule 11 variance. First, in Vasquez-Bernal we specifically stated and applied the Johnson standard for proving that a substantial right has been violated. Id. at 171. Our subsequent statement that Vasquez-Bernal offered no allegation or proof that he would have altered his plea was a factor that helped persuade the court that the court's variance from Rule 11 did not likely affect the defendant's guilty plea. Unlike the present case, in Vasquez-Bernal we noted that the defendant sought automatic reversal of his conviction due to the failure to comply with

4

Rule 11. Id. This court has refused to allow automatic reversal for Rule 11 violations since Johnson. Johnson, 1 F.3d at 298. Thus, there is no conflict between our holdings in Johnson and Vasquez-Bernal. A defendant's failure to allege that they would not have plead guilty if properly instructed under Rule 11 is a factor in our ultimate determination of whether the defendant has met the Johnson substantial rights standard. See e.g., United States v. Morales-Sosa, 191 F.3d 586, 587-88 (5th Cir. 1999) (stating Johnson substantial rights standard, and highlighting defendant's failure to allege that he would not have plead guilty as evidence of failure to meet Johnson standard). The Johnson standard for determining when a defendant's substantial rights have been affected remains intact.

Having clarified the standard for our analysis, we will now evaluate whether the district court's variance from Rule 11 procedures affected Nogales' substantial rights. Nogales argues that the court's failure to inform him of his right to counsel throughout the proceedings affected his guilty plea because he might have been legitimately worried that he could not afford to pay an attorney for trial. Nogales' argument is without merit. Nogales does not assert that he would have actually been without counsel if he proceeded to trial, or even that he actually contemplated being without counsel. Instead, Nogales simply asserts that he "might have been" worried about not being able to afford an attorney. Generalized speculation about possible harm certainly does not amount to an affect on Nogales' substantial rights. There is no indication from the record that Nogales was contemplating or sought to go to trial. At his initial hearing to plead guilty, Nogales indicated his willingness to take responsibility for the crime, and that he was going to testify on behalf of his co-defendant at trial. In order to testify at his co-defendant's trial, Nogales would have had to admit his guilt. Thus, the district court's variance from the Rule 11 procedures by failing to inform Nogales of his right to counsel constitutes harmless error.

Nogales also argues that the district court's failure to inform him of his right to be tried by a jury affected his decision to plead guilty, because having previously attempted to plead guilty in front of this judge he may have been afraid that in a trial the judge would not have been an impartial fact finder. As discussed above, the record evidences Nogales' clear intention from the beginning

5

of these proceedings to plead guilty. Nogales never alleges that being informed of his right to be tried by a jury would have changed his plea. In fact, Nogales never suggests that he suffered any *actual* harm. Nogales only speculates that he "may have" been afraid that the judge would not have been impartial. To allow reversal for a Rule 11 variance, simply because the defendant might have a fear of his rights being violated, amounts to automatic reversal for Rule 11 violations. See Vasquez-Bernal, 197 F.3d at 171. Thus, the district court's failure to inform Nogales of his right to be tried by a jury is harmless error. Although we conclude that in the present case the district court's failure to comply with Rule 11 did not affect the defendant's substantial rights, Rule 11 is an important safeguard and we will continue to closely scrutinize errors made during Rule 11 colloquies. See Johnson, 1 F.3d at 302; Henry, 113 F.3d at 42.

II.     Waiver of Right to Jury Trial

Nogales contends that his guilty plea must be vacated because the waiver of his right to a jury trial was not knowing and intelligent. This issue is separate and distinct from our inquiry into whether the court varied from Rule 11. A defendant's waiver of his right to a trial by jury might be voluntary and intelligent without compliance with the prophylactic safeguard of Rule 11(c) (3). See United States v. Caston, 615 F.2d 1111, 1116 n.4 (5th Cir. 1980). If the record discloses voluntary and intelligent waiver without the prophylactic questions under Rule 11(c)(3), the guilty plea may still be upheld. See Id. The defendant argues throughout that his inability to read and write, along with the psychiatrist's conclusion that he does suffer from some "mental disease" leads to a reasonable presumption that Nogales did not understand his rights, including his right to a jury trial. However, there was not an objection to the psychiatrist's and court's conclusion that, despite his mental disease, Nogales had a rational and factual understanding of the proceedings and Nogales had the ability to be able to consult with his attorney. Furthermore, Nogales was represented by counsel throughout these proceedings and had the opportunity to consult with his attorney on the guilty plea. During the plea colloquy the court asked Nogales whether his plea was voluntary, whether anyone had used force or threats to make him plead guilty, and whether he had been promised anything outside the

6

written plea agreement.  Nogales indicated to the court that his plea was voluntary and not made under duress.  Thus, we find that Nogales' waiver of his right to a jury trial was made knowingly and voluntarily.

## CONCLUSION

For the foregoing reasons, Nogales' conviction and sentence are AFFIRMED.

7