IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-50335
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAVIER RUBEN PEREZ-RUELAS,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-00-CR-1493-ALL-H
--------------------
October 23, 2001

Before REAVLEY, DAVIS and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Javier Ruben Perez-Ruelas (Perez) has appealed his conviction, based on his guilty plea, of having unlawfully reentered the United States in violation of 8 U.S.C. § 1326. We affirm.

Perez contends that he is entitled to reversal because, at his rearraignment, the district court did not advise him (1) that the court must consider any applicable guideline in determining his sentence and (2) of the effect of the supervised-release term which he would receive. See Fed. R. Crim. P. 11(c)(1).

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Perez is not entitled to reversal as a result of the district court's not advising him concerning the guidelines, because the record shows that it did not affect his willingness to plead guilty. See <u>United States v. Vasquez-Bernal</u>, 197 F.3d 169, 171 (5th Cir. 1999), <u>cert. denied</u>, 528 U.S. 1130 (2000).

The district court's failure to explain the effect of a supervised-release term was harmless error because the total of the prison term and the supervised-release term which Perez actually received, plus the maximum prison term he can receive if his supervised release is revoked, is less than the maximum prison term provided by law for the offense, which Perez had been made aware of at rearraignment. See <u>United States v. Cuevas-Andrade</u>, 232 F.3d 440, 444 (5th Cir. 2000), <u>cert. denied</u>, 121 S. Ct. 1748 (2001).

AFFIRMED.