IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-50001
Summary Calendar
_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

OCTAVIO LOZOYA, JR.,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. P-00-CR-283-1-F
--------------------
October 26, 2001

Before JONES, SMITH, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Octavio Lozoya, Jr., appeals his guilty-plea conviction for harboring an alien in violation of 8 U.S.C. § 1324. Lozoya argues that at his plea hearing the magistrate judge improperly advised him with regard to his appeal rights and with regard to the effect of the imposition of a term of supervised release in violation of FED. R. CRIM. P. 11.

The magistrate judge's statement with regard to Lozoya's appeal rights, while incorrect, cannot reasonably be viewed as having been a material factor affecting Lozoya's decision to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

plead guilty.  See <u>United States v. Johnson</u>, 1 F.3d 296, 302 (5th Cir. 1993)(en banc).  Lozoya is correct that the magistrate judge failed to explain that upon revocation of supervised release Lozoya could serve an additional 24 months in prison.  See 8 U.S.C. § 1324(a)(1)(B)(ii); 18 U.S.C. §§ 3559(a)(4), 3583(b)(2), (e)(3).  However, because Lozoya does not allege that his plea would have been different but for the Rule 11 error and he identifies no rational basis upon which to conclude that his plea would have been different but for the Rule 11 error, affirmance of the district court's acceptance of the guilty plea is appropriate.  See <u>United States v. Vasquez-Bernal</u>, 197 F.3d 169, 171 (5th Cir. 1999).  We therefore AFFIRM the district court's judgment.