**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 01-40975
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GILDARDO SAUCEDO-SAUCEDO,

Defendant-

Appellant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-01-CR-285-ALL
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
April 22, 2002

Before JOLLY, STEWART and PARKER, Circuit Judges.

PER CURIAM:[*]

Gildardo Saucedo-Saucedo (Saucedo), who represented to the district court that his true

name is Jose Castaneda-Sotelo, appeals his guilty-plea conviction for improper entry into the United

States in violation of 8 U.S.C. § 1325. At the time of the instant offense, Saucedo was serving a term

of supervised release for a prior conviction for improper entry. Saucedo argues that the district court

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

erred by not advising him at rearraignment of the effect of any term of supervised release that might be imposed. He contends that this violated FED. R. CRIM. P. 11(c)(1).

Saucedo failed to raise this argument before the district court. Therefore, we review for plain error. United States v. Vonn, 122 S. Ct. 1043, 1048 (2002). Although the failure to advise Saucedo of the effect of supervised release was error, it did not affect Saucedo's substantial rights. In light of his prior conviction for the same offense, the supervised release revocation proceedings that were occurring concurrently as a result of the instant offense, and Saucedo's failure to assert that he was unaware of the effect of any term of supervised release or that he would not have pleaded guilty had the district court advised him of these facts, we hold that Saucedo has not established plain error. Cf. United States v. Vasquez-Bernal, 197 F.3d 169, 171 (5th Cir. 1999) (holding that defendant's substantial rights were not affected where court failed to advise of punishment range but defendant did not allege that he would have pled differently if he had been advised of this), cert. denied, 528 U.S. 1130 (2000). Therefore, the judgment of the district court is AFFIRMED.