IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 01-41259
Consolidated with
No. 01-41266
Summary Calendar

_____

UNITED STATES OF AMERICA,

             Plaintiff-Appellee,

                         versus

ERIC GUADALUPE AGUILAR-ENRIQUEZ,

             Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. B-99-CR-483-1
USDC No. B-01-CR-198-1

_____

October 9, 2002

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

    Eric Guadalupe Aguilar-Enriquez ("Aguilar") appeals his
conviction for illegally reentering the United States and the
concurrent revocation of his supervised release on a previous
illegal entry conviction.  Aguilar contends that, when taking his
guilty plea to the illegal reentry charge, the magistrate judge

_____

    [*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

violated Federal Rule of Criminal Procedure 11 by failing to inform him that he could be reincarcerated for one year upon revocation of his supervised release. Appellant asserts that this error was not harmless because the aggregate of his prison term and possible reincarceration for the illegal reentry conviction would be greater than the statutory maximum term of imprisonment for that charge.

As Aguilar did not object in the district court to the magistrate judge's oversight, we review for plain error.[1] We find no reversible error under the plain-error standard. During Aguilar's guilty plea hearing on his previous conviction for illegal entry, the district court advised him that if he violated the terms of his supervised release, he could be given additional time in prison. Moreover, Aguilar undoubtedly understood the consequences of violating his term of supervised release on the illegal reentry conviction, because, at the same time that he was pleading guilty to the illegal reentry charge, he was also facing a revocation of the supervised release term from his previous illegal entry conviction. Finally, Aguilar does not allege that he would not have pleaded guilty to the illegal reentry charge had he been properly informed about the possible consequences of supervised release.[2]

---

[1] *United States v. Vonn*, 122 S. Ct. 1043, 1048 (2002).

[2] *United States v. Vasquez-Bernal*, 197 F.3d 169, 171 (5th Cir. 1999) ("Vasquez-Bernal does not argue that he would not have pled guilty had he been personally informed of the punishment range for his crime; he merely argues that the court's error mandates a

Given these circumstances, we find that the illegal reentry conviction, revocation of his supervised release on the illegal entry conviction, and sentences should be AFFIRMED.

---

reversal of his conviction.").