IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-40137
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOEL MOLINA,

Defendant-Appellant.

--------------------
Appeals from the United States District Court
for the Southern District of Texas
USDC No. L-01-CR-1057-ALL
--------------------
October 29, 2002

Before JONES, DUHÉ, and CLEMENT, Circuit Judges.

PER CURIAM:[1]

Joel Molina appeals from his conviction by guilty plea of illegal reentry. He argues, for the first time on appeal, that the district court's failure to admonish him regarding the applicability of the Sentencing Guidelines and regarding the unavailability of parole at his plea hearing constituted plain error. When an appellant allows an error in a guilty-plea colloquy to pass without objection, this court reviews for plain error only. *United States v. Vonn*, 122 S. Ct. 1043, 1046 (2002). To establish

---

[1] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

plain error, an appellant bears the burden to show: (1) there is an error (2) that is clear or obvious and (3) that affects his substantial rights. *United States v. Calverley*, 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc) (citing *United States v. Olano*, 507 U.S. 725, 731-37 (1993)). If these factors are established, the decision to correct the forfeited error is within the sound discretion of the court, and the court will not exercise that discretion unless the error seriously affects the fairness, integrity or public reputation of judicial proceedings. *Olano*, 507 U.S. at 735-36.

The district court erred by failing to advise Molina that it was required to consider the Sentencing Guidelines when imposing sentence and that it could depart from the guidelines under certain circumstances. *See* FED. R. CRIM. P. 11(c)(1). The district court was not required to advise Molina that he was not eligible for parole.

The district court's error did not affect Molina's substantial rights. Molina has not shown any likelihood that he would have pleaded not guilty and proceeded to trial had he been properly advised. *See United States v. Vasquez-Bernal*, 197 F.3d 169, 171 (5th Cir. 1999), *cert. denied*, 528 U.S. 1130 (2000).

Molina does not allege that his possible psychiatric difficulties, which first came to light in his presentence report (PSR), affected his ability to understand the proceedings, and it

is not self-evident from the mention of the disorders in the PSR that such might be the case.  To the extent that Molina may seek to argue that his disorders affected his mental state at the time of his offense, any such argument is irrelevant to the validity of his guilty plea.

AFFIRMED.