IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-60730
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHN R. FLETCHER, also known as "JR,"

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Mississippi
(2:00-CR-121-1)
--------------------
January 21, 2003

Before DAVIS, WIENER, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant John R. Fletcher appeals from his conviction on four counts of using a communication facility in committing a drug offense. Fletcher contends, for the first time on appeal, that the district court violated FED. R. CRIM. P. 11 by failing to explain personally and in open court the maximum penalty he faced and that the Sentencing Guidelines applied to his case. He argues that the district court allowed him to plead guilty while

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

harboring the mistaken belief that he could receive no more than four years' imprisonment.

When an appellant allows an error in a guilty-plea colloquy to pass without objection, we review for plain error only. *United States v. Vonn*, 535 U.S. 55, 122 S. Ct. 1043, 1046 (2002). To establish plain error, an appellant must show that: (1) there is an error (2) which is clear or obvious and (3) such error affects his substantial rights. *United States v. Calverley*, 37 F.3d 160, 162-64 (5th Cir. 1994)(en banc)(citing *United States v. Olano*, 507 U.S. 725, 731-37 (1993)). If these factors are established, the decision to correct the forfeited error is within the sound discretion of the court, and the court will not exercise that discretion unless the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Olano*, 507 U.S. at 735-36.

Rule 11 does not require district courts to ascertain that defendants know that multiple-count sentences may be imposed consecutively. *See* FED. R. CRIM. P. 11(c)(1). Neither must a district court inform a defendant that a sentence may be imposed consecutively to any sentence that is already being served. *United States v. Saldana*, 505 F.2d 628 (5th Cir. 1974). Fletcher has not shown a clear or obvious error.

The district court did violate Rule 11 by failing to ascertain whether Fletcher understood that the Sentencing Guidelines would

apply to his case.  *See* FED. R. CRIM. P. 11(c)(1).  The district court's error did not, however, affect Fletcher's substantial rights, as Fletcher has not shown any likelihood that he would have pleaded not guilty and proceeded to trial had he been so advised. *See United States v. Vasquez-Bernal*, 197 F.3d 169, 171 (5th Cir. 1999), *cert. denied*, 528 U.S. 1130 (2000).

AFFIRMED.