United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 11, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-11137
Conference Calendar

_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

LARRY CHARLES GIPSON,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:04-CR-306-1
--------------------

Before JONES, Chief Judge, and JOLLY and DAVIS, Circuit Judges.

PER CURIAM:[*]

     Larry Charles Gipson appeals his guilty-plea convictions for
bank robbery, in violation of 18 U.S.C. § 2113(a).  He argues,
for the first time on appeal, that the district court failed to
comply with the requirements of FED. R. CRIM. P. 11 at
rearraignment.  The argument is reviewed for plain error.  United
States v. Vonn, 535 U.S. 55, 59 (2002).  To demonstrate plain
error, Gipson must show clear or obvious error that affects his
substantial rights; if he does, this court has discretion to

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

correct a forfeited error that seriously affects the fairness, integrity, or public reputation of judicial proceedings. United States v. Olano, 507 U.S. 725, 732 (1993). This court will find that a "substantial right" has been violated if "the defendant's knowledge and comprehension of the full and correct information would have been likely to affect his willingness to plead guilty." United States v. Johnson, 1 F.3d 296, 298 (5th Cir. 1993) (en banc).

Although Gipson asserts that the Rule 11 errors by the district court affected his substantial rights, he simultaneously asks for "a new plea hearing." Because Gipson states that he still wishes to plead guilty despite the inadequate Rule 11 colloquy, he has not shown any effect on his substantial rights. See id.; see also United States v. Vasquez-Bernal, 197 F.3d 169, 171 (5th Cir. 1999). His conviction is therefore AFFIRMED. The Government's motion to supplement the record is DENIED, and Gipson's cross-motion to seal the psychiatric evaluation is similarly DENIED.