United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 27, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-30305
Summary Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

JOHN R REGESTER, II, also known as Johnny Rotten,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:05-CR-30019
--------------------

Before DAVIS, BARKSDALE and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

     John Regester appeals his guilty-plea conviction of

conspiracy to distribute and possess with intent to distribute

methamphetamine.  Regester faced a mandatory minimum sentence of

10 years because of a prior drug felony conviction.  See 21

U.S.C. § 841(b)(1)(B)(viii).  The district court sentenced

Regester to 262 months of imprisonment.  Regester argues that the

district court erred when it failed to adequately inform him of

the 10-year mandatory minimum sentence as required by FED.

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

R. CRIM. P. 11(b)(1)(I).  Where, as here, a defendant fails to object to a Rule 11 error in the district court, this court reviews for plain error.  United States v. Vonn, 535 U.S. 55, 59 (2002).

The district court informed Regester at his plea hearing that "[t]he maximum possible penalty for Count 1 is a term of imprisonment of not less that ten years nor more than life. . . ."  Although the district court's statement at the guilty-plea hearing could have been more artfully phrased, it notified Regester that he faced a sentence of 10 years to life. Moreover, a notice the Government filed prior to the plea hearing and the presentence report both correctly reflected that Regester faced a mandatory minimum sentence of 10 years in prison. Regester does not argue or allege that he would have pleaded differently had the court's admonition been clearer.  See United States v. Vasquez-Bernal, 197 F.3d 169, 171 (5th Cir. 1999). Considering the record as a whole, Vonn, 535 U.S. at 59, the district court's failure to accurately advise Regester of the mandatory minimum sentence does not constitute plain error.  The judgment of the district court is AFFIRMED.