# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 10, 2011

No. 09-41141
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

HUMBERTO SOLIS, JR.,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:08-CR-419-6

Before JONES, Chief Judge, and JOLLY and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Humberto Solis, Jr., appeals his guilty plea conviction for conspiracy to distribute more than five kilograms of cocaine in violation of 21 U.S.C. §§ 841(a), (b)(1)(A), and 846. Solis argues for the first time on appeal that the district court violated Federal Rule of Criminal Procedure 11 by failing to explain adequately the nature of the offense of conviction. He also argues for the first time on appeal that his guilty plea is invalid because the district court violated Rule 11 by failing to inform him of the 20-year statutory minimum sentence under

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-41141

§ 841(b)(1)(A). Where, as here, a defendant has not objected to a Rule 11 error in the district court, review is for plain error. *See United States v. Vonn*, 535 U.S. 55, 59 (2002). To show plain error, the appellant must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). If the appellant makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*. In reviewing the effect of a Rule 11 violation, we may review the entire record, not just the plea hearing transcript. *Vonn*, 535 U.S. at 59.

A district court is required by Rule 11 to address the defendant and inform him of the nature of the charges. FED. R. CRIM. P. 11(b)(1)(G). Here, Solis's indictment – which sufficiently set forth the requisite elements of the offense of conviction – was read at his rearraignment, and he affirmed that he understood the charge and had discussed it with his counsel. The Government also recited at rearraignment the factual basis for Solis's plea, which adequately alleged the elements of the offense, and Solis admitted to those facts as true. Further, the presentence report (PSR) contains statements by Solis demonstrating that he understood the nature of his criminal conduct. Thus, the record supports that Solis was sufficiently advised of the nature of his offense, and there was no error, plain or otherwise. *See Puckett*, 129 S. Ct. at 1429; *United States v. Lujano-Perez*, 274 F.3d 219, 225-26 (5th Cir. 2001).

Solis's contention that the district court committed reversible error by not properly advising him of the mandatory minimum sentence also is unavailing. *See* FED. R. CRIM. P. 11(b)(1)(I). The district court erroneously advised Solis at rearraignment that he faced a mandatory minimum sentence of 10 years of imprisonment when, in fact, his previous conviction of a felony drug offense rendered him subject to a term of imprisonment of not less than 20 years or more than life. § 841(b)(1)(A). The district court therefore committed obvious error. *See Puckett*, 129 S. Ct. at 1429.

No. 09-41141

However, Solis has not established that this error affected his substantial rights because he does not now assert that he would not have pleaded guilty but for the erroneous admonishment. *See United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004). The record also confirms that Solis was aware of the consequences of his plea and that the mandatory minimum sentence did not establish or otherwise affect the minimum sentence that he faced. Furthermore, the PSR properly set forth the mandatory minimum sentence, and Solis was correctly advised at sentencing of the mandatory minimum penalty. His failure to move to withdraw his plea after being properly informed of the mandatory minimum sentence suggests that the court's omission did not meaningfully affect his decision to plead guilty. Thus, Solis cannot show a reasonable probability that, but for the district court's failure to advise him of the correct mandatory minimum penalty, he would not have pleaded guilty. *See Dominguez Benitez*, 542 U.S. at 83. Accordingly, he has not shown reversible, plain error. *See Puckett*, 129 S. Ct. at 1429.

In light of the foregoing, Solis's conviction and sentence are AFFIRMED.