# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 9, 2011

No. 10-50897
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CARLOS MARQUEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:09-CR-3336-1

Before JOLLY, GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

Carlos Marquez pleaded guilty to receipt of material involving the sexual exploitation of children and was sentenced to 168 months of imprisonment, five years of supervised release, and a $1,000 fine. Marquez agreed in a written plea agreement to waive his right to appeal or collaterally attack his prosecution and sentence, except for claims of ineffective assistance of counsel or prosecutorial misconduct.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-50897

Marquez argues on appeal that his guilty plea was not made knowingly and voluntarily because the district court committed plain error by misinforming him that he faced a term of supervised release of three to five years, rather than five years to life, and by failing to inform him of the meaning and effect of supervised release when it did not advise him about the term of imprisonment that he faced upon the possible revocation of his supervised release. He did not object to these violations of Federal Rule of Criminal Procedure 11 in the district court, and thus his arguments are reviewed for plain error. *See United States v. Vonn*, 535 U.S. 55, 59 (2002). Because Rule 11 does not require the district court to inform a defendant of the effect of supervised release and because Marquez has not otherwise demonstrated a reasonable probability that, but for any error by the district court, he would not have pleaded guilty, he has not shown that the district court committed plain error or that his plea was not made knowingly and voluntarily. *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004); *Vonn*, 535 U.S. at 59.

Marquez also argues that his sentence is substantively unreasonable for various reasons. He contends that this argument is not precluded by his appeal waiver because he was not properly questioned and admonished about the appeal waiver, and thus the appeal waiver was not informed and voluntary. The Government argues that Marquez's arguments are precluded by the appeal waiver, which Marquez entered knowingly and voluntarily.

The record indicates that the district court adequately explained the appeal waiver to Marquez and adequately questioned Marquez about the waiver, and thus Marquez knew that he had the right to appeal his sentence and that he was giving up that right. *See United States v. Portillo*, 18 F.3d 290, 292 (5th Cir. 1994). Accordingly, Marquez has not demonstrated that his appeal waiver was not informed and voluntary. *See United States v. McKinney*, 406 F.3d 744, 746 (5th Cir. 2005).

AFFIRMED.