# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 26, 2012

No. 11-40897
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ENNER UGARTE-ESPINOZA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:11-CR-269-1

Before REAVLEY, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[*]

Enner Ugarte-Espinoza pleaded guilty to illegal reentry, and, at sentencing, asked for a sentence at the bottom of the guidelines range because of his cultural assimilation. The district court specifically considered that Ugarte-Espinoza had spent most of his life in the United States and was culturally assimilated. Because of this, the district court sentenced Ugarte-Espinoza to 46 months in prison, the bottom of the range.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Ugarte-Espinoza argues that the magistrate judge plainly erred during the plea colloquy pursuant to Federal Rules of Criminal Procedure Rule 11. As no objection was made to the plea colloquy, review is for plain error only. *See United States v. Vonn*, 535 U.S. 55, 59 (2002). To show plain error, Ugarte-Espinoza must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). The "reviewing court may consult the whole record when considering the effect of any error on substantial rights." *Vonn*, 535 U.S. at 59. If Ugarte-Espinoza makes such a showing, we have has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id*. To show that his substantial rights were abridged, he must show that it is reasonably probable that but for the Rule 11 error he would not have pleaded guilty. *See United States v. Castro-Trevino*, 464 F.3d 536, 541 (5th Cir. 2006).

First, Ugarte-Espinoza argues that the magistrate judge failed to admonish him regarding his right to proceed with appointed counsel, retain new counsel, or represent himself. Ugarte-Espinoza does not assert that he had the financial ability to retain counsel or the desire to represent himself. Also, he concedes that he requested appointment of counsel during his initial appearance in federal court. Accordingly, he has not shown that he would not have pleaded guilty but for the magistrate judge's alleged deficient explanation of his right to counsel.

Second, Ugarte-Espinoza argues that the magistrate judge failed to admonish him specifically concerning the maximum possible term of imprisonment. The magistrate judge explained that the maximum statutory penalty was based on Ugarte-Espinoza's criminal history. Even if this general admonition were error, Ugarte-Espinoza's substantial rights were not affected by the error. He has not asserted on appeal that he would not have pleaded guilty if the district court had specified the applicable maximum prison term.

*See Castro-Trevino*, 464 F.3d at 541.  He did not attempt to withdraw his guilty plea after reviewing the presentence report (PSR), which contained the correct statutory maximum.  *See United States v. Vasquez-Bernal,* 197 F.3d 169, 171 (5th Cir. 1999) (looking to the PSR to determine whether the district court's failure to inform the defendant of the applicable sentencing range affected the defendant's substantial rights).  Ugarte-Espinoza has not established plain error that affected his substantial rights with respect to this issue.

Finally, Ugarte-Espinoza argues that the sentence of 46 months in prison was substantively unreasonable because it failed to account adequately for his cultural assimilation.  Sentences are reviewed for reasonableness in light of the 18 U.S.C. § 3553(a) factors.  *See United States v. Mares*, 402 F.3d 511, 519-20 (5th Cir. 2005).  When the district court imposes a sentence within a properly calculated guidelines range, the sentence is entitled to a presumption of reasonableness.  *United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006).  To rebut the presumption, a defendant must show that his sentence fails to take into account a factor that should receive significant weight, gives significant weight to an irrelevant or improper factor, or represents a clear error of judgment in balancing the sentencing factors.  *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).  The district court heard and considered carefully all of the circumstances of Ugarte-Espinoza's case, including cultural assimilation, in conjunction with the § 3553(a) factors in determining and explaining the sentence.  Ugarte-Espinoza has failed to overcome the presumption that his within-guidelines sentence was reasonable.  *See Cooks*, 589 F.3d at 186.

AFFIRMED.