# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

———————

No. 13-51009
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
November 19, 2014

Lyle W. Cayce
Clerk

———————

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JUAN CESAR ENRIQUE NUNEZ-RUBIO, also known as Juan Enrique Rubio,

Defendant-Appellant

Cons. w/No. 13-51028

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JUAN ENRIQUE NUNEZ-RUBIO

Defendant-Appellant

No. 13-51009
c/w No. 13-51028 & No. 13-51036

Cons. w/No. 13-51036

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JUAN CESAR ENRIQUE NUNEZ-RUBIO

Defendant-Appellant

---

Appeals from the United States District Court
for the Western District of Texas
USDC No. 5:13-CR-102-1

---

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:[*]

Juan Cesar Enrique Nunez-Rubio pleaded guilty to a new offense of illegal reentry following deportation, in violation of 8 U.S.C. § 1326(b)(2), and pleaded true to violating conditions of his two terms of supervised release. In this consolidated appeal, he challenges his guilty plea conviction and his revocation sentences.

Nunez-Rubio argues that the district court failed to comply with some of the requirements of Rule 11 of the Federal Rules of Criminal Procedure at his rearraignment on the new illegal reentry offense. Because Nunez-Rubio did not object in the district court to its failure to comply with Rule 11, we review for plain error. *See United States v. Vonn*, 535 U.S. 55, 59 (2002). To establish

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2

No. 13-51009
c/w No. 13-51028 & No. 13-51036

plain error, a defendant must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). To establish that his substantial rights were affected, the defendant "must show a reasonable probability that, but for the [Rule 11] error, he would not have entered the plea." *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004). If he makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Puckett,* 556 U.S. at 135.

To the extent the district court committed clear or obvious error by failing to inform Nunez-Rubio that he faced a maximum term of three years of supervised release and the mandatory $ 100 special assessment, he has not demonstrated that the errors affected his substantial rights. *See Dominguez Benitez*, 542 U.S. at 83. His presentence report (PSR) stated that he faced a maximum of three years of supervised release and the $100 special assessment. Nunez-Rubio did not object to the PSR, seek to withdraw his guilty plea before sentencing, or object when the district court imposed the three-year term of supervised release or the $100 special assessment. A defendant's failure to take issue with his potential sentence once he was properly advised suggests that the district court's failure to inform him of his sentencing exposure was not a significant factor in his decision to plead guilty. *United States v. Solis*, 410 F. App'x 825, 827 (5th Cir. 2011); *see also United States v. Vasquez-Bernal*, 197 F.3d 169, 171 (5th Cir. 1999) (looking to the PSR to determine whether the district court's failure to inform the defendant of the applicable sentencing range affected the defendant's substantial rights). Because Rule 11 does not require the district court to explain to the defendant "how supervised release operates," Nunez-Rubio has not shown that the

district court erred by not providing such an explanation. *See United States v. Marquez*, 428 F. App'x 317, 318 (5th Cir. 2011).

Nunez-Rubio asserts that the district court violated Rule 11(b)(1)(M) by failing (1) to explain its obligation to independently calculate the applicable guidelines range, (2) to generally ensure that he would understand how the guidelines calculation would affect the sentence imposed, or (3) to admonish him as to the Sentencing Guidelines, the court's obligations under those Guidelines, and its discretion to depart therefrom. Only the third of these is clearly required by Rule 11(b)(1)(M). To the extent the district court clearly or obviously deviated from the requirements of Rule 11(b)(1)(M), Nunez-Rubio has not shown a reasonable probability that but for such error, he would not have pleaded guilty. *See Dominguez Benitez*, 542 U.S. at 83.

It was not the court's duty under Rule 11(b)(1)(M) to inform Nunez-Rubio at rearraignment of the enhancements, points, or sentence he faced under the Guidelines. Moreover, Nunez-Rubio acknowledged at rearraignment that he had spoken to his attorney "about how the sentencing guidelines might apply in [his] case or how much jail time [he] might be looking at." He successfully argued at sentencing for a departure and a variance from the guidelines. Finally, he was informed at rearraignment that he faced a statutory maximum sentence of 20 years in prison. Thus, he was fully aware of the consequences of his plea. *See United States v. Rivera*, 898 F.2d 442, 447 (5th Cir. 1990) (holding that a defendant is aware of the consequences of his plea for sentencing purposes and the plea is voluntary as long as he understands the length of time he might possibly receive).

With regard to his revocation sentences, Nunez-Rubio contends for the first time on appeal that the district court procedurally erred by not giving reasons for rejecting his non-frivolous arguments for a sentence outside the

guidelines and by not giving reasons for imposing consecutive terms of imprisonment upon revoking the two terms of supervised release that he had been serving concurrently. In the sentencing context, to demonstrate that clear or obvious error affected his substantial rights, "the defendant must prove that the error affected the sentencing outcome." *United States v. Whitelaw*, 580 F.3d 256, 262-63 (5th Cir. 2009) (internal quotation marks and citations omitted); *see also United States v. Mondragon-Santiago*, 564 F.3d 357, 365 (5th Cir. 2009). Nunez-Rubio did not object to the calculation of the revocation guidelines range of imprisonment or move for a downward departure or variance from that range. He explained the reasons for his past and instant offenses and, in his letter, asked the court to run the revocation sentences concurrent with his new illegal reentry sentence. However, he did not make any arguments for a sentence outside of the revocation guidelines or for his revocation sentences to be served concurrent to each other. Thus, the district court did not need to say more and, even if it did, that need is not clear or obvious in these circumstances. *See Rita v. United States*, 551 U.S. 338, 356-57 (2007).

Even assuming that the district court's failure to state the reasons was error that was clear or obvious, Nunez-Rubio has not shown that the error affected his substantial rights. The district court imposed a within guidelines sentence, and Nunez-Rubio cannot show that an explanation would have changed his sentence. *See Whitelaw*, 580 F.3d at 262-63; *Mondragon-Santiago*, 564 F.3d at 365.

The district court's judgments are AFFIRMED.