# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
June 24, 2019

Lyle W. Cayce
Clerk

No. 18-20280
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

IGNACIO ANDRADE-LOPEZ, also known as Tio,

Defendant-Appellant

-----------------------------------------------------

Consolidated with 18-20282

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

IGNACIO ANDRADE-LOPEZ,

Defendant-Appellant

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:15-CR-177-1
USDC No. 4:16-CR-578-1

No. 18-20280
c/w No. 18-20282

Before STEWART, Chief Judge, and SOUTHWICK and GRAVES, Circuit Judges.

PER CURIAM:[*]

Ignacio Andrade-Lopez pleaded guilty in separate cases to one count of conspiracy to possess with the intent to distribute 50 grams or more of methamphetamine (Houston case) and one count of conspiracy to possess with the intent to distribute methamphetamine (Dallas case). He was sentenced to concurrent sentences of 262 months of imprisonment and four years of supervised release. Andrade-Lopez timely appealed. *See* FED. R. APP. P. 4(b)(1)(A)(i). The Government's motion to consolidate the cases on appeal was granted.

Andrade-Lopez argues that his guilty pleas in both cases were unknowing and involuntary due to the district court's failure to properly admonish him pursuant to Rule 11 of the Federal Rules of Criminal Procedure. As acknowledged by Andrade-Lopez, this court reviews his allegations of Rule 11 error raised for the first time on appeal for plain error. *See United States v. Vonn*, 535 U.S. 55, 59 (2002). To prevail on plain error review, Andrade-Lopez must show (1) a forfeited error (2) that is clear or obvious, i.e., not "subject to reasonable dispute," and (3) that affects his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If Andrade-Lopez shows such an error, then this court "has the discretion to remedy the error . . . if the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks and citations omitted).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-20280
c/w No. 18-20282

Although the district court deviated from the requirements of Rule 11(b)(1)(O) in both of his cases, Andrade-Lopez was advised via his plea agreements about the potential immigration consequences he faced upon conviction. *See* FED. R. CRIM. P. 11(b)(1)(O); *United States v. Cuevas-Andrade*, 232 F.3d 440, 444-45 (5th Cir. 2000). Moreover, Andrade-Lopez was advised via his presentence report (PSR) that his guilty pleas could result in immigration consequences if he was a noncitizen. *See United States v. Vasquez-Bernal*, 197 F.3d 169, 171 (5th Cir. 1999). Thus, even assuming that the district court's errors in failing to provide the Rule 11(b)(1)(O) admonishment at Andrade-Lopez's rearraignments constituted clear or obvious errors, Andrade-Lopez has failed to demonstrate that he would have pleaded differently absent the errors. *See United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004).

Similarly, Andrade-Lopez was advised via his plea agreement in his Houston case of the district court's obligation to calculate the guidelines range and to consider that range, any possible departures, and other sentencing factors under 18 U.S.C. § 3553(a). *See* FED. R. CRIM. P. 11(b)(1)(M); *Cuevas-Andrade*, 232 F.3d at 444-45. Additionally, he was informed at rearraignment that he faced a statutory minimum sentence of 10 years and a maximum of life. Thus, he was fully aware of the consequences of his plea. *See United States v. Rivera*, 898 F.2d 442, 447 (5th Cir. 1990).

Additionally, the record indicates that Andrade-Lopez read and understood his plea agreement and raised no questions regarding the waiver-of-appeal provision. Moreover, the appeal-waiver provision was mentioned in Andrade-Lopez's PSR. *See Vasquez-Bernal*, 197 F.3d at 171. Thus, to the extent that Andrade-Lopez challenges the validity of the appeal-waiver provision in his plea agreement, the waiver is valid and enforceable. *See*

*United States v. McKinney*, 406 F.3d 744, 746 (5th Cir. 2005). To the extent that he challenges the validity of his guilty plea, Andrade-Lopez fails to show that any purported Rule 11 error affected his substantial rights. *See Dominguez Benitez*, 542 U.S. at 83.

With respect to Andrade-Lopez's Dallas case, there was sufficient evidence to permit a finding that he was involved in a narcotics conspiracy. *See* FED. CRIM. P. 11(b)(3); *United States v. Hildenbrand*, 527 F.3d 466, 474-75 (5th Cir. 2008). However, even if the district court erred by failing to elicit Andrade-Lopez's admission of facts sufficient to establish that he conspired to possess with the intent to distribute methamphetamine, he has failed to show that he was prejudiced by the district court's error. Andrade-Lopez did not attempt to withdraw his guilty plea at any time before the district court and he does not do so on appeal. He does not request the opportunity to go to trial nor has he directed this court to any portion of the record demonstrating that his plea decision was affected by the alleged error. Thus, he has failed to demonstrate a reasonable probability that he would not have pled guilty if the district court had solicited his admission of additional facts to support his plea. *See Dominguez Benitez*, 542 U.S. at 83.

The Government concedes that the district court imposed a sentence above the statutory maximum in Andrade-Lopez's Dallas case, Case No. 18-20282. *See* 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(C). Applying the concurrent sentence doctrine, we vacate the sentence in Andrade-Lopez's Dallas case and remand with instructions to the district court to suspend imposition of this sentence. *See United States v. Stovall*, 825 F.2d 817, 824, 827 (5th Cir.), *amended on other grounds by* 833 F.2d 526 (5th Cir. 1987).

Additionally, the district court is instructed to correct a clerical error with respect to the offense of conviction in the written judgment in Andrade-

No. 18-20280
c/w No. 18-20282

Lopez's Dallas case. *See* FED. R. CRIM. P. 36. The district court's judgment misidentifies the offense of conviction as one for conspiracy to possess with the intent to distribute 500 grams or more of methamphetamine whereas the offense of conviction is correctly identified as a conviction for conspiracy to possess with the intent to distribute methamphetamine, a violation of §§ 846, 841(a)(1) and (b)(1)(C).

AFFIRMED IN PART; VACATED IN PART; AND REMANDED WITH INSTRUCTIONS.